UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| POWER INVESTMENTS, LLC, | ) |
|             Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:21-cv-01022-SEP ) |
| CARDINALS PREFERRED, LLC, | ) ) ) |
|             Defendant. | ) ) |

**PLAINTIFF POWER INVESTMENTS, LLC'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Power Investments, LLC, for its Motion for Partial Summary Judgment against Defendant Cardinals Preferred, LLC pursuant to Federal Rule of Civil Procedure 56, states as follows:

1.     Summary judgment is proper when the pleadings and other record materials show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party may move for summary judgment on a part of its claims and/or defenses. Fed. R. Civ. P. 56(a). This includes moving on a discrete issue as a matter of law. *See, e.g.*, *Rikard v. U.S. Auto Protection, LLC*, 2013 WL 5421966, at *1-2 (E.D. Mo. Sept. 26, 2013) (granting partial summary judgment on discrete legal issue).

2.     Where the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be no genuine issue as to any material fact . . . ." *Celotex*, 477 U.S. at 322-23.

3.     The non-moving party must show more than "metaphysical doubt" and must show that a reasonable factfinder could find for it; otherwise, any dispute is not "genuine." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Meyer v. Gen. Motors Corp.*, 937 F. Supp. 861, 863 (E.D. Mo. 1996). If the evidence adduced by the non-movant is "merely colorable" or "is not significantly probative," summary judgment is proper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

4. Additionally, a party seeking to defeat a summary judgment motion by asserting an affirmative defense must prove the existence of material facts specifically supporting the affirmative defense. *United States v. Farmers Co-op. Co.*, 708 F.2d 352, 353 (8th Cir. 1983).

5. Summary judgment is also appropriate where the non-movant cannot produce any evidence supporting its claim. *Collins-Myers v. Triangle Trucking, Inc.*, 2020 WL 1455743, at *3 (E.D. Mo. Mar. 25, 2020).

6. "The interpretation of an unambiguous contract is a question of law suitable for a determination on summary judgment, as is the threshold issue of whether the contract is ambiguous." *Monarch Fire Protection Dist. of St. Louis County, Mo. v. Freedom Consulting & Auditing Servs., Inc.*, 678 F. Supp. 2d 927, 935 (E.D. Mo. 2009); *Schnuck Markets, Inc. v. First Data Merchant Servs. Corp.*, 852 F.3d 732, 738 (8th Cir. 2017). Cardinals has admitted that the Agreement is unambiguous. Therefore, it is appropriate for the Court to enter summary judgment on the issue presented here.

7. In 2017, Power Investments, LLC ("**Power**") and Cardinals Preferred, LLC ("**Cardinals**") entered into the Ashley Energy LLC Amended and Restated Limited Liability Company Agreement (the "**Agreement**"), as the sole members of Ashley Energy LLC (the "**Company**").

8. The Agreement contains a Call Option that provided the majority common share owner—Power—with the right to buy the Company's preferred shares on or after August 9, 2021 from Cardinals.

9. On August 9, 2021, Power exercised the Call Option by sending notice to Cardinals.

10. Cardinals, however, outright refused to honor its contractual obligation to sell the preferred shares. Worse yet, in a belated, bad-faith attempt to evade its binding obligation to sell, Cardinals is purporting to exercise a separate right under the Agreement to convert all of its preferred shares to common shares after Power's Call exercise and claims that this purported conversion "moots" Power's Call.

11. As a matter of law, the exercise of the Call Option by Power created a binding and enforceable bilateral agreement that obligates Cardinals to sell the Company's 999,222 Preferred Units to Power, which Cardinals cannot avoid by virtue of its purported exercise of a conversion right, or otherwise.

12. The very nature of any option—like the Call Option here—is a conscious gamble between sophisticated parties to try to capitalize on a change in value in the future. This is precisely what the parties bargained for in 2017 when they signed the Agreement, and Cardinals is bound by that bargain.

13. Cardinals' position should be rejected for a host of reasons.

14. First, Cardinals is subject to a binding bilateral contract to sell the Preferred Units to Power; taking action to render its performance impossible is a breach of that contract.

15. Second, Cardinals' interpretation of the Agreement renders multiple provisions meaningless and nonfunctional—in particular, the Call Option (§ 10.5) and Further Action (§

15.12) provisions. Conversely, Power's interpretation gives meaning to all of the relevant terms—including Cardinals' trumpeted Conversion Right.

16. Third, under well-established corporate law, the rights of preferred shareholders like Cardinals are strictly construed, and only express, clear, and direct rights can be recognized—none of which exist in the Agreement here to support Cardinals' position.

17. Fourth, there are a number of express restrictions in the Agreement on Cardinals' purportedly unlimited right to convert the Preferred Units.

18. Fifth, once the Call Option was exercised, Cardinals was no longer the "holder" of the Preferred Units and therefore lacked the authority under the Agreement to convert the Preferred Units.

19. Lastly, although the Agreement is unambiguous and this motion should be granted on that basis, to the extent the Court finds ambiguity, the extrinsic evidence supports Power's position on the Call Option and rejects Cardinals'; further, the Agreement was drafted by Cardinals' counsel and should therefore be construed against Cardinals.

20. Power's interpretation of the Agreement is substantiated by a wealth of highly relevant case law and other legal authority; Cardinals' interpretation is not, and essentially depends on a single Florida trial court decision—a case that actually favors Power's position. Cardinals cannot point to any instance of a court validating its interpretation under the fact pattern present here.

21. Not only has Power carried its burden to show the lack of any genuine dispute on the legal issue here, but there is a complete absence of evidence supporting Cardinals' position.

WHEREFORE, for the reasons stated herein and in the attached Memorandum in Support, Statement of Uncontroverted Material Facts, and Exhibits, and in support of all of its claims against

Defendant Cardinals Preferred, LLC, Plaintiff Power Investments, LLC respectfully requests the Court to enter partial summary judgment in its favor and against Defendant Cardinals Preferred, LLC and accordingly find that as a matter of law, the exercise of the Call Option by Power created a binding and enforceable bilateral agreement that obligates Cardinals to sell the Company's 999,222 Preferred Units to Power, which Cardinals cannot avoid by virtue of its purported exercise of the Conversion Right, or otherwise; and such other and further relief as the Court deems just and proper.

Dated:  September 13, 2021  ARMSTRONG TEASDALE LLP

By: */s/ Christopher R. LaRose*
    Christopher R. LaRose    #59612MO
    Daniel R. O'Brien    #69258MO
    Armstrong Teasdale LLP
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    Telephone:  314.621.5070
    Fax:  314.621.5065
    clarose@atllp.com
    dobrien@atllp.com

ATTORNEYS FOR PLAINTIFF POWER INVESTMENTS, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 13th day of September, 2021, the foregoing and all attachments were electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the same to all counsel of record.

                                                 */s/ Christopher R. LaRose*