

# Electronically Certified Court Record

### (cover page)

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 8/18/2021 3:10:24 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-CIEBBIFC-CEFGAD-I |
| **Case Docket:** | 10/13/2017 - Final Order - 8 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202108181506138AFC |

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://www.browardclerk.org/ecertify to learn more about validating this certified copy.



EXHIBIT 18

Instr# 114670982 , Page 1 of 8, Recorded 10/19/2017 at 10:31 AM
Broward County Commission

**** FILED: BROWARD COUNTY, FL  Brenda D. Forman, CLERK 10/13/2017 9:44:07 AM.****

IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

| | |
|---|---|
| 276 163rd L.P., a Florida limited Partnership; 276 163rd GP, LLC, a Florida limited company; 276 TEX FUND 163rd, a Texas general partnership; and 276 TEX FUND 163rd II, a Texas general partnership,<br>    Plaintiffs/Counter-Defendants,<br><br>vs.<br><br>HENRY VENTURES, L.P., a Texas limited partnership and HENRY ADR L.P., a Texas limited partnership,<br>    Defendants/Counter-Plaintiffs. | CASE NO: 16-021859 CACE (07)<br>JUDGE: JACK TUTER |



**FINAL ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

THIS CAUSE came before the court on 1) Plaintiffs' Motion for Summary Judgment, and 2) Defendants/Counter-Plaintiffs, Henry Ventures, L.P. and Henry ADR, L.P.'s Motion for Final Summary Judgment. The court, having reviewed the motions and responses, having considered the summary judgment evidence, having heard argument of counsel, and being otherwise duly advised in the premises, rules as follows:

The instant action involves competing claims for declaratory relief arising out of a Limited Partnership Agreement ("LPA"). Plaintiffs/Counter-Defendants filed their complaint for declaratory relief on December 1, 2016, and on January 17, 2017, Defendants/Counter-Plaintiffs filed their counterclaim for declaratory relief. On May 5, 2017, the parties separately filed their cross-motions for summary judgment. Thereafter, on August 7, 2017, the parties separately filed their responses. A hearing was held before the court on August 17, 2017.

Summary judgment is appropriate "if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled



I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.
VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by The Honorable Brenda D. Forman
Date: 2021.08.18 15:10:24 -04'00'
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

CASE NO: 16-021859 CACE (07)

to a judgment as a matter of law." *Fla. R. Civ. P.* 1.510 (c). The party moving for summary judgment has the burden of showing the absence of a genuine issue of fact. All inferences must be drawn from the proof in favor of the party opposing the motion. *Liberty Mutual Ins. Co. v. Stuckey*, 220 So. 2d 421 (Fla. 4th DCA 1969).

It is well settled that summary judgment should be sparingly granted, and if there are issues of fact and the slightest doubt remains, summary judgment cannot be granted. *See Campbell v. Anheuser-Busch, Inc.*, 265 So. 2d 557 (Fla. 1st DCA 1972). The burden to prove the non-existence of genuine triable issues is on the moving party, and the burden does not shift to the opposing party until the movant has successfully met his burden. *Holl v. Talcott*, 191 So. 2d 40 (Fla. 1966). Doubts and inferences as to the existence or nonexistence of material facts must be resolved against the movant. *Id.*

If the moving party meets this initial burden, summary judgment is appropriate as a matter of law against the nonmoving party if they fail to make a showing sufficient to establish the existence of an essential element of that party's case. *DeMesne v. Stephenson*, 498 So. 2d 673 (Fla. 1st DCA 1986). The evidence presented by the nonmoving party is to be believed and all reasonable inferences are to be drawn in his favor. *Holl,* 191 So. 2d at 43.

According to the record, the Partnership was formed for the purpose of acquiring, developing, and selling certain real property. To accomplish this, Defendant/Counter-Plaintiff Henry Ventures, L.P. ("HIGLP No. 1") contributed a $3 million "bridge-loan" to the Partnership, which contribution was denominated a Class A Limited Partnership Interest. After finalizing the LPA, a prospective purchaser for the property was located, and a dispute arose among the parties about the exercise of competing rights under the LPA relating to the appropriate disposition of HIGLP No. 1's $3 million contribution, and the profit to be obtained from the proposed sale.

CASE NO: 16-021859 CACE (07)

Specifically, the parties asserted the following diametrically opposed positions: (1) Defendant/Counter-Plaintiff HIGLP No. 1 demanded that its $3 million contribution be converted into a Class B Limited Partnership Interest, pursuant to Section 10.01 of the LPA; and (2) Plaintiff/Counter-Defendant 276 Tex Fund 163rd demanded that the General Partner cause the Partnership to redeem HIGLP No. 1's $3 million contribution pursuant to Section 10.03 of the LPA ("Tex Fund Call Option"). Additionally, the parties have presented a second issue as to whether the Defendants/Counter-Plaintiffs failed to timely institute non-binding arbitration pursuant to Section 8.14 of the LPA, and whether the Defendants/Counter-Plaintiffs are precluded from seeking attorney's fees in this or any other litigation arising out of the LPA as a result of such alleged failure.

The first issue is one of contract interpretation involving Sections 10.01 and 10.03 of the LPA. Under Florida law,

> [i]f a contract's terms are clear and unambiguous, the "language itself is the best evidence of the parties' intent and its plain meaning controls," warranting summary judgment. *See Fecteau v. Se. Bank, N.A.,* 585 So. 2d 1005, 1007 (Fla. 4th DCA 1991). If, however, there are "two reasonable interpretations" of a contract, "summary judgment is inappropriate because there is a genuine issue of material fact." *Id.* This is because " '[w]hen a contract is ambiguous and the parties suggest different interpretations, the issue of the proper interpretation is an issue of fact requiring the submission of evidence extrinsic to the contract bearing upon the intent of the parties.' " *Id.* (quoting *Bacardi v. Bacardi,* 386 So. 2d 1201, 1203 (Fla. 3d DCA 1980)).

*Palm Beach Pain Mgmt., Inc. v. Carroll*, 7 So. 3d 1144, 1145-4646 (Fla. 4th DCA 2009).

Section 10.01 of the LPA provides, in pertinent part:

> 10.01 <u>Right of Class A Limited Partner to Convert the Class A Limited Partnership Interest to the Class B Limited Partnership Interest</u>. At any time and from time to time prior to the return in full of its respective Unreturned Capital, the Class A Limited Partner shall have the right to convert all or part of its Class A Limited

CASE NO: 16-021859 CACE (07)

> Partnership Interest to the Class B Limited Partnership Interest; provided, however, that such conversion proceed [in accordance with Section 10.01 a.c.].

Defendants/Counter-Plaintiffs contend they exercised their right to convert their Class A Limited Partnership Interest to a Class B Limited Partnership Interest on February 24, 2015 by sending a conversion notice to the General Partner. Two weeks thereafter, 276 Tex Fund ("Tex Fund") attempted to exercise its "Call Option" pursuant to Section 10.03 of the LPA, which provides, in pertinent part:

> 10.03 "Call" Option by Tex Fund. Prior to both the (i) expiration of 180 days from Closing and (ii) return in full of the Class A Limited Partner's Unreturned Capital, the General Partner, by written notice to the Class A Limited Partner, shall have the right to cause the Class A Limited Partner to sell to any unrelated third party designated by Tex Fund or for redemption by the Partnership, all or any portion of the Class A Limited Partnership Interest; provided, however, that such sale shall proceed [in accordance with Section 10.03 a.-d.].

After a careful review, the court determines that both Sections 10.01 and 10.03 are clear and unambiguous, and as such, Defendants/Counter-Plaintiffs are entitled to summary judgment. Specifically, the Court determines that the language "at any time and from time to time" as used in Section 10.01 of the LPA is clear and unambiguous and allowed Defendant/Counter-Plaintiff HIGLP No. 1 to exercise its right to convert its Class A Limited Partnership Interest into a Class B Limited Partnership Interest *at any time* prior to the return in full of its Unreturned Capital, without any other limitation as to the timing of the exercise of the conversion right. Indeed, there is no other language in the LPA, including Section 10.03, that otherwise limits or prevents Defendant/Counter-Plaintiff HIGLP No. 1 from exercising its right to convert its Class A Limited Partnership Interest into a Class B Limited Partnership Interest.

CASE NO: 16-021859 CACE (07)

The Court further determines Plaintiffs/Counter-Defendants' argument that the purpose of the LPA supports its interpretation thereof to be unavailing for the same reasons set forth above. There is nothing in the LPA that prevented Defendant/Counter-Plaintiff HIGLP No. 1 from exercising its right to convert the shares under Section 10.01 of the LPA. To the contrary, Section 10.01 is clear and unambiguous. If the parties intended the "Call Option" under Section 10.03 to be exclusive or to impose a restriction on the timing of HIGLP No. 1's right to convert under Section 10.01, the parties could have included such language in the LPA. However, no such language appears in the LPA.

The material, undisputed facts demonstrate that as of February 24, 2015, Defendant/Counter-Plaintiff HIGLP No. 1 had not been returned in full its Unreturned Capital. Further, the undisputed facts also demonstrate that on February 24, 2015, Defendant/Counter-Plaintiff HIGLP No. 1 provided written notice to the General Partner of its exercise of its right to convert its Class A Limited Partnership Interest pursuant to Section 10.01 of the LPA. As of February 24, 2015, Tex Fund had not exercised its "Call Option" under Section 10.03 of the LPA. Indeed, the material, undisputed facts also demonstrate that it was not until over two (2) weeks later, on March 10, 2015, that Tex Fund sent written notice attempting to exercise its "Call Option" under Section 10.03 of the LPA.

Accordingly, this Court finds that Defendant/Counter-Plaintiff HIGLP No. 1 properly and timely exercised its right under Section 10.01 of the LPA to convert its Class A Limited Partnership Interest into a Class B Limited Partnership Interest on February 24, 2015, prior to the return in full of its Unreturned Capital, as required by Section 10.01. Therefore, Defendants/Counter-Plaintiffs' motion for summary judgment as to this issue is **GRANTED** and Plaintiffs/Counter-Defendants' motion for summary judgment as to this issue is **DENIED.**

CASE NO: 16-021859 CACE (07)

The second issue, whether Defendants/Counter-Plaintiffs are precluded from recovering or seeking attorneys' fees in any action arising out of or relating to the LPA as a result of Defendants/Counter-Plaintiffs' alleged failure to timely institute non-binding arbitration, requires a review of Section 8.14 of the LPA. Section 8.14 of the LPA provides, in pertinent part:

> 8.14 <u>Alternative Dispute Resolution</u>. Any controversy or claim whatsoever arising out of or relating to this Agreement, including any extension or modification of this Agreement, or breach thereof, shall first be submitted to non-binding mediation pursuant to the alternative dispute resolution procedures of the American Arbitration Association ("AAA"). If said mediation does not resolve said controversy or claim, then the parties agree to submit said controversy or claim to non-binding arbitration pursuant to the procedures of the AAA. Mediation and arbitration, if applicable, shall be conducted by a qualified mediator/arbitrator agreeable to both parties. The fees and expenses of the Mediator/ Arbitrator shall be shared equally by the parties. It is further agreed that if any party hereto refuses or fails to mediate and arbitrate, if applicable, any controversy or claim whatsoever arising out of or relating to this Agreement as set forth herein within 45 days of receipt of a written request to mediate and arbitrate, if applicable, received from the other party, then the party refusing to mediate and arbitrate, if applicable, may not recover any attorneys' fees or costs in any litigation arising out of or relating to this Agreement.

After a careful review, the court determines that Defendants/Counter-Plaintiffs have **not** waived their right to seek attorney's fees.[1] In this regard, the summary judgment evidence demonstrates that by stipulation, the parties agreed to forego submitting their claims to nonbinding arbitration and instituted this lawsuit for judicial determination of their claims. The summary judgment evidence further demonstrates that Defendants/Counter-Plaintiffs' actions did **not**

---

[1] This Order does not determine either party's entitlement to attorney's fees, but merely disposes of the narrow issue of whether, given the factual circumstances presented, Defendants/Counter-Plaintiffs may seek attorney's fees in this litigation or any other litigation arising out of the LPA. This Order does not preclude either party from filing a motion to determine entitlement to attorney's fees at the appropriate time.

Page **6** of **8**

CASE NO: 16-021859 CACE (07)

violate Section 8.14 of the LPA. It is undisputed that it was the Defendants/Counter-Plaintiffs that demanded arbitration on April 28, 2015, not the Plaintiffs. Thus, the Court rejects Plaintiffs/Counter-Defendants argument that Defendants/Counter-Plaintiffs refused to arbitrate within forty-five (45) days of Defendants' own request to arbitrate. Plaintiffs could have pursued arbitration themselves, but did not. Moreover, the Court finds that the matters that were the subject of the mediation that took place on April 23, 2015 did not proceed to arbitration within forty-five (45) days, first by agreement of the parties, next due to the demand of the General Partner, and lastly due to the stipulation of the parties. Accordingly, the Court finds that Defendants/Counter-Plaintiffs have not waived their rights under Section 8.14 of the LPA to seek attorneys' fees and costs in this litigation or any other litigation arising out of or relating to the LPA. Therefore, Defendants/Counter-Plaintiffs motion for summary judgment as to this issue is **GRANTED** and Plaintiffs/Counter-Defendants' motion for summary judgment as to this issue is **DENIED.**

Accordingly, it is hereby:

**ORDERED** that Defendants/Counter-Plaintiffs, Henry Ventures, L.P. and Henry ADR L.P.'s Motion for Final Summary Judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment is **DENIED.**

Should Defendants/Counter-Plaintiffs find it necessary, they may submit a Final Judgment to the Court, in their favor, consistent with this order within (10) days.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 13th day of October, 2017.

_____
JACK TUTER
CIRCUIT COURT JUDGE

Unique Code : CAA-FAA-BCABB-CIEBBIFC-CEFGAD-I Page 8 of 8

Instr# 114670982 , Page 8 of 8, End of Document

CASE NO: 16-021859 CACE (07)

Copies to:
All counsel of record