UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| POWER INVESTMENTS, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:21-cv-01022-SEP ) |
| CARDINALS PREFERRED, LLC, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELIEF PURSUANT TO F.R.C.P. 56(D)**

Cardinals' primary argument is that it is improper to file a motion for summary judgment before the parties have conducted discovery or before a responsive pleading has been filed. That is not the law. Rule 56(b) expressly permits a party to file a motion for summary judgment "at any time." Moreover, "Rule 56 . . . does *not* require trial courts to allow parties to conduct discovery before entering summary judgment." *United States, Small Bus. Admin. v. Light*, 766 F.2d 394, 397-98 (8th Cir. 1985) (emphasis added) (affirming denial of request to postpone summary judgment where unambiguous contract entitled moving party to summary judgment without need for discovery); *see Farnam St. Fin., Inc. v. Balaton Grp., Inc.*, Civil No. 10-4277 (MJD/FLN), 2011 WL 1258512, at *3 (D. Minn. Mar. 30, 2011) (denying Rule 56(d) motion where parol evidence rule prevented defendants from introducing evidence that contradicted terms of contract); *Stahl v. Baxter Healthcare Corp.*, No. 4:06CV0865 AGF, 2008 WL 4488937, at *3 (E.D. Mo. Sept. 30, 2008) (granting summary judgment before discovery).

Power moved for summary judgment on one narrow issue: whether the exercise of the Call Option created a binding and enforceable bilateral agreement obligating Cardinals to sell its interest which cannot be avoided by the exercise of a conversion right. Doc. 26 at 8. Power

contends that the Agreement is unambiguous and that it should prevail on that issue under black letter contract law.  While disagreeing with Power's interpretation of the Agreement, *Cardinals agrees that the Agreement is unambiguous*.  Doc. 13 at 13, 15; Doc. 34 at 13-15.  **Since neither party contends that the Agreement is ambiguous, the Court is limited to the four corners of that document to interpret it.**  *GEICO Cas. Co. v. Isaacson*, 932 F.3d 721, 726-27 (8th Cir. 2019) (affirming denial of Rule 56(d) motion because discovery concerning extrinsic evidence was not necessary to interpret unambiguous contract).  Because the Court need only look to the Agreement to decide the issue before it, no discovery is necessary.

Moreover, Rule 56(d) requires a declaration or affidavit setting forth **specific information or specific documents not already in Cardinals' possession that Cardinals must prove exist and are necessary to defeat summary judgment**.  While Cardinals claims that the general issues it raises "could (and will) dispose of the Summary Judgment Motion in favor of Cardinals," Doc. 34 at 2, it fails to specify what exact facts or documents it intends to discover from what source, why it does not already have access to that information, and how that information would create fact issues for the narrow contract interpretation issue before the Court.  That Cardinals has failed to meet its burden under Rule 56(d) is a second basis to deny its motion.

1. **A summary judgment motion can be filed *at any time*.**

Rule 56(b) expressly permits the filing of a motion for summary judgment "at any time." Fed. R. Civ. P. 56(b); *Ploch v. MRS BPO, L.L.C.*, No. 4:12CV534 FRB, 2013 WL 675621, at *2-3 (E.D. Mo. Feb. 25, 2013) (finding "against the backdrop of Rule 56(b), defendant's contention that plaintiff's summary judgment was prematurely filed in this action is without merit").  The

mere fact that discovery is not complete[1] and Cardinals had not answered the Complaint when Power filed its motion do not change this result, and Cardinals cannot identify any authority to the contrary under the current Federal Rules of Civil Procedure.  Cardinals' protestations that Power's motion is "entirely premature" are therefore without merit.  Indeed, courts in the Eastern District have found that early summary judgment is appropriate where the undisputed evidence presented can avoid "protracted and expensive proceedings."  *Stahl*, 2008 WL 4488937, at *3.

2. **The only issue before the Court is interpreting an unambiguous contract, which requires no discovery.**

"Missouri law does not permit courts to consider extrinsic evidence in interpreting an unambiguous contract."  *Isaacson*, 932 F.3d at 726-27 (denying Rule 56(d) request because discovery was unnecessary to interpret contract); *see also Light*, 766 F.2d at 398 (denying Rule 56(d) motion where parol evidence rule would have barred introduction of discovery requested); *Marvin Lumber & Cedar Co. v. Marvin Arch. Ltd.*, 217 F. Supp. 3d 1009, 1014-15 (D. Minn. 2016) (denying rule 56(d) request seeking discovery as to intent of parties to contract because court was bound to four corners of contract).  The mere existence of alleged extrinsic evidence is not enough to postpone or avoid summary judgment on interpretation of a contract; extrinsic evidence cannot be used to create ambiguity and any ambiguity must be apparent from the contract itself, which is a matter for the Court's decision.  *Broadway Ford Truck Sales, Inc. v. Depositors Ins. Co.*, Case No. 4:20-CV000999-JAR, 2021 WL 2075545, at *2 (E.D. Mo. May 24, 2021) (denying Rule 56(d) motion).

---

[1] Cardinals contends that "the Parties have not yet had the opportunity to engage in **any discovery** whatsoever." Doc. 34 at 1 (emphasis in original).  Cardinals has had the opportunity to serve discovery since at least October 4, 2021, when the parties completed their Rule 26(f) conferral.  Tellingly, however, **Cardinals has failed to serve any discovery**.

3

In *Light*, the Eighth Circuit examined the exact issue raised here. The plaintiff had sued to enforce a guaranty. 766 F.2d at 395. Although the defendant served written discovery, the District Court entered a protective order permitting the plaintiff not to respond. *Id.* at 396. Thereafter, the plaintiff moved for summary judgment, arguing that the unambiguous language of the guaranty entitled it to relief. *Id.* The defendant moved to delay the summary judgment to conduct discovery to develop evidence that contradicted the plain language of the guaranty. *Id.* at 397-98. The Court, applying the parol evidence rule, affirmed the District Court's denial of the defendant's request on the basis that the defendant had failed to show "how postponement of a ruling on the motion would have enabled him to rebut the [movant's] showing of the absence of a genuine issue of material fact." *Id.* at 398. "Even if Light had been given additional time to conduct discovery and had obtained testimony which appeared to contradict the written guaranty agreement, the parol evidence rule would have barred the introduction of that testimony." *Id.*

The *Broadway Ford* case is also highly instructive. Broadway Ford made a claim under its insurance policy with the defendant, and the parties executed a settlement agreement. 2021 WL 2075545, at *1. Broadway Ford then sued the defendant. *Id.* With discovery not yet completed, the defendant moved for summary judgment on its vexatious refusal claim on the ground that the claim was barred by the parties' settlement agreement. *Id.* In response, Broadway Ford moved for an extension of time to respond to the motion pursuant to Rule 56(d), claiming that "discovery is necessary to determine the parties' intentions regarding the Settlement Agreement." *Id.* The court denied the Rule 56(d) motion because the plaintiff had failed to prove how the sought-after facts were necessary to resisting the summary judgment: "Discovery regarding Depositors' intentions in entering the Settlement Agreement is unnecessary for Broadway Ford to respond to the motion for partial summary judgment." *Id.* at

4

*2.  The court continued: "*Everything essential to disposition of the pending motion for partial summary judgment exists within the four corners of the Settlement Agreement.*"  *Id.* (emphasis added).  The motion presented "a purely legal question—whether the Settlement Agreement unambiguously bars the vexatious refusal claim—which can be answered independent of any facts Broadway Ford seeks through the further discovery identified in its affidavit."  *Id.*

**Here, both Power and Cardinals agree that the Agreement is unambiguous and that an interpretation of the plain meaning of the Agreement entitles them to relief on the issue presented.**  Doc. 26 at 1-25; Doc. 13 at 13, 15; Doc. 34 at 13-15.  Cardinals is bound by its clear position on the Agreement's lack of ambiguity.  Cardinals has clearly and repeatedly stated: "Plaintiff wholly ignores the fact that the parties bargained for both Section 10.5 and Section 4.1 to exist within the same Agreement and *articulated each Section in unambiguous terms*."  Doc. 13 at 13 (emphasis added); *id.* at 15 (reciting same statement).  Cardinals doubled down on this position in the motion at-hand.  Doc. 34 at 2, 13-15.  Under Missouri and federal law, Cardinals' clear and unequivocal statements that the Agreement is unambiguous constitute a binding judicial admission.  *Cane Creek Quarry, LLC v. Equip. Transport, Inc.*, Case No. 1:20-cv-00268-SRC, 2021 WL 765287, at *4 (E.D. Mo. Feb. 26, 2021) (explaining that under Missouri law, a judicial admission is "an act done in the course of judicial proceedings that concedes for the purpose of litigation that a certain proposition is true" (quotation marks omitted)); *VIA Design Architects, PC v. U.S. Development Co.*, Civil No. 2:13CV555, 2014 WL 5685550, at *7 (E.D. Va. Nov. 4, 2014) (citing cases from multiple circuits and holding that clear, unequivocal statements in briefs filed with court—in case at bar, that entity was party to contract and contract was enforceable—qualify as binding judicial admissions).  Cardinals' statements constitute a binding judicial admission whether this Court construes them to be statements of fact, legal

5

contentions, or both.[2] Further, nowhere in its pleading or court papers does Cardinals state, or even suggest, that the Agreement is ambiguous. Cardinals cannot avoid responding to Power's summary judgment motion by trying to change its tune now and claim that the Agreement is ambiguous.

Indeed, in what can only be considered a response to Power's motion for summary judgment (albeit one that does not comply with Rule 56 or this Court's Local Rules), Cardinals argues for pages that its interpretation of the Agreement is the "only one supported by the Agreements' [sic] plain and unambiguous terms." Doc. 34 at 13-15. While Power disagrees with Cardinals' analysis of that issue, the fact that Cardinals can articulate its argument using only the plain and unambiguous terms of the Agreement demonstrates that there is no need for discovery on the issue before the Court.

3. **Cardinals has failed to meet its burden under Rule 56(d).**

Rule 56(d) permits a party to move for the delay or denial of a motion for summary

---

[2] Even though judicial admissions are typically factual matters, opinions and legal conclusions also qualify as long as they satisfy the same "deliberate, clear, and unambiguous" standard. *Rohn Prods., Int'l, LC v. Sofitel Capital Corp. USA, Inc.*, Civil No. WDQ-06-0504, 2010 WL 681304, at *4 (D. Md. Feb. 22, 2010) (citing 4th and 6th Circuit authority). *See also Dugdale, Inc. v. Alcatel-Lucent USA, Inc.*, No. 1:09-cv-0960-JMS-TAB, 2011 WL 1838938, at *1, 1 n.1 (S.D. Ind. May 12, 2011) (citing 7th Circuit authority and holding party's admission that one contract "supersedes" another contract is a "binding judicial admission that withdraws that fact from contention"); *Riverview Med. Ctr. v. F.A. Davis Co.*, CIVIL ACTION 08-5279, 2010 WL 11707490, at *3 (E.D. Pa. Aug. 13, 2010) (holding party's admission that it fulfilled obligations pursuant to an agreement to be judicial admission that enforceable contract existed). Nevertheless, *Cardinals articulated its position as a factual statement about its view of the Agreement*, Doc. 13 at 13, 15 ("*the fact that* the parties . . . articulated each Section in unambiguous terms" (emphasis added)), so it cannot now claim it to be just a legal argument. *Cf. Censor v. ASC Techs. of Conn., LLC*, 900 F. Supp. 2d 181, 206 (D. Conn. 2012) ("The statement that the parties formed a joint venture is both a legal conclusion and a statement of fact. Whether a relationship is a joint venture is a question of law; but the characterization of the relationship is a statement of the utterer's intent.").

judgment (amongst other relief) where it establishes by affidavit or declaration that "it cannot present facts essential to justify its opposition." The Court has wide discretion to deny a Rule 56(d) motion. *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014).

"The party seeking additional discovery must show: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that the sought-after facts are 'essential' to resist the summary judgment motion." *Id.* at 895-96 (quotation marks omitted) (finding that party seeking delay of summary judgment "identified no documents or specific facts" in movant's possession that would prove her position meritorious); *see Stahl*, 2008 WL 4488937, at *3 (holding that Rule 56(d) (formerly Rule 56(f)) motion would have failed because there was no suggestion as to what evidence the party seeking the delay hoped to acquire through discovery).

Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975). "Merely speculating that the party moving for summary judgment controls relevant facts is an insufficient basis to defer consideration of a summary judgment motion." *Stiriling v. Ramsey*, No. 4:17CV1206 RLW, 2018 WL 3489592, at *2, 6 (E.D. Mo. July 19, 2018) (denying Rule 56(d) motion and holding that plaintiff's affidavit was inadequate because although affidavit "contained a list of general facts sought to be discovered to support Plaintiff's claims," plaintiff did not articulate how and why those facts were needed to oppose the summary judgment); *see Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836-37 (8th Cir. 2015) (upholding denial of Rule 56(d) motion due to inadequate affidavit and failure to follow Rule's strict requirements); *All-Am. Hose, LLC v. LaBarge Prods., Inc.*, No. 4:12CV215 TIA, 2013 WL

7

64524, at *5-6 (E.D. MO. Jan. 4, 2013) (holding same).  **Notably, it is not enough just to present a list of facts sought to be discovered; the nonmovant must articulate how and why specific, existing facts are *necessary* to rebutting the movant's showing of the nonexistence of a genuine issue.**  *Toben*, 751 F.3d at 895-96; *Irving v. Wells*, Case No. 1:18 CV 47 (JMB), 2019 WL 6842006, at *2-3 (E.D. Mo. Dec. 16, 2019) (holding that "Plaintiff fails to address in his Rule 56(d) motion how the discovery he requests is reasonably expected to raise a genuine issue of material fact with respect to this central issue and will be denied").

Here, Cardinals does not articulate what discoverable facts it is unable to present that are necessary to oppose Power's motion for summary judgment.  On the contrary, it argues that the plain and unambiguous terms warrant relief in its favor.  Doc. 34 at 2, 13-15.  Cardinals' declaration falls well short of the Rule 56(d) standard, ***identifying no facts*** but instead a series of claimed "issues" and hypothetical possibilities about what Cardinals ***might*** be able to prove through its counterclaim ***allegations***.  Doc. 33-1.  Even if the Court reads Cardinals' declaration as setting forth facts it hopes to discover (which it does not), Cardinals fails to show how those "facts": (a) exist; or (b) are relevant, let alone *necessary*, to opposing Power's motion—a motion, again, that must be decided as a matter of pure contract interpretation.

Cardinals—through its declaration by counsel—claims that there are "disputed factual issues that cannot be decided without a full record and with discovery." *Id.*, ¶ 5.  Those disputed factual issues, according to Cardinals' counsel, are: (1) issues related to extrinsic evidence to interpret the Agreement (*id.*, ¶ 6(a), (b), (c), (d)); (2) whether the notice of the Call was valid in light of the dispute about price (*id.*,¶ 6(e)); and (3) allegations of unclean hands raised in the Counterclaims (*id.*,¶ 6(f)).  Cardinals' declaration goes on to explain why discovery on those issues is warranted.  As an initial matter, Cardinals' recitation of factual "*issues*" it hopes to

8

discover does not meet Rule 56(d)'s requirement that Cardinals set forth *facts* it will discover.

For the first category, the declaration claims that Power would be unable to establish its claim if "the Parties discussed that Cardinals Conversion Right would moot any Call Option." *Id.*, ¶ 7.  First, the parties are both contending that the Agreement is unambiguous (and that they win under the express provisions of the Agreement), so such extrinsic evidence cannot be considered.[3]  Second, Cardinals would have access to such discussions, so a delay under Rule 56(d) would be inappropriate (it could set forth that information in an affidavit).  Third, it has not provided any evidence that such facts exist or the source of that information.

For the second category, Cardinals provides no explanation as to how the content of the notice with respect to the price calculation could affect the motion for summary judgment, much less provide information sufficient to demonstrate what information Cardinals does not already have, what facts it intends to elicit related to that issue, and whether those facts exist.  Indeed, a dispute about price—which is not the subject of Power's motion for summary judgment—does not invalidate a binding, bilateral option contract.  *In re Ryckman Creek Res., LLC*, 2018 WL 4178692, at *1-3, 9 (D. Del. Bnkr. Aug. 29, 2018); *Walsh v. White House Post Productions, LLC*, 2020 WL 1492543, at *1, 5-8 (Del. Ch. Mar. 25, 2020).

For the third category, Cardinals claims in conclusory fashion that "if Cardinals proves that Power's hands were unclean in performance of its obligations under the LLC Agreement, that too would bar Power's claims."  Doc. 33-1, ¶ 8.  Again, the declaration fails to articulate (i) the specific facts or documents that Cardinals does not have access to that it believes exists; (ii)

---

[3] Power included an alternative argument that would only apply if Cardinals contended the Agreement was ambiguous.  Doc. 26 at 26-27.  Since Cardinals is not claiming that the Agreement is ambiguous, and the Court has made no such determination, that argument is no longer relevant to the motion for summary judgment or the Rule 56(d) request.

9

what discovery it needs to conduct to obtain that information; and (iii) how that discovery would alter the Court's analysis with respect to the partial motion for summary judgment before the Court. Indeed, Cardinals presents no legal authority that stands for the proposition that unclean hands can alter the terms of a contract.

Cardinals points to Power's exhibits submitted in support of Power's alternative argument in the event Cardinals argued that the Agreement was ambiguous and extrinsic evidence was necessary. *Id.*, ¶ 10. Again, Cardinals is not claiming the Agreement is ambiguous. Moreover, the emails and other documents referenced as Exhibits 5-16 are all emails and documents *between* Power and Cardinals. In other words, Cardinals has all of them already. Cardinals' complaints that these documents are not authenticated or produced ring hollow.

Finally, Power notes that the utter lack of specificity in the discovery Cardinals claims it needs, together with Cardinals' clear ability to have responded on the merits to Power's motion (*see infra* at 11-15), strongly suggest that Cardinals' motion was filed purely as a tactic to delay this case and frustrate Power's ability to have its summary judgment adjudicated. This District harshly criticized such tactics in connection with a Rule 56(d) motion in another recent case. *AMCO Ins. Co. v. Columbia Maint. Co.*, 510 F. Supp. 3d 836, 853 (E.D. Mo. 2020) (Hon. Stephen R. Clark).

4. **Summary judgment should be entered against Cardinals.**

    a. **Cardinals' purported Rule 56(d) motion is an improper and inadequate summary judgment response.**

In addition to failing the Rule 56(d) test, Cardinals' filings improperly address and argue the merits of Power's summary judgment motion—*at great length*. Accordingly, Cardinals' motion is in fact Cardinals' response in opposition to Power's summary judgment motion.

Because Cardinals' response is improper, summary judgment must be entered against it.

The requirements for opposing a summary judgment motion are stringent, and must be followed. *Hall v. Bilskey*, Case No. 4:19-CV-00008 JCH, 2020 WL 6868253, at *2-4 (E.D. Mo. Nov. 23, 2020); *Meyer v. Gen. Motors Corp.*, 937 F. Supp. 861, 863 (E.D. Mo. 1996). A party opposing a motion must file "*a single memorandum* containing any relevant argument and citations to authorities on which the party relies." L.R. 4.01(B) (emphasis added). Additionally, a party opposing a motion for summary judgment *must* support its position by citing to record materials and/or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). Along with its memorandum, the nonmovant must file "any appropriate documentary evidence twenty-one (21) days after being served with the motion." L.R. 4.01(F). The nonmovant further must file a Response to Statement of Material Facts addressing each separately numbered fact set forth in the movant's Statement of Uncontroverted Material Facts (SUMF) as to which the nonmovant claims a genuine dispute exists, "with specific citation(s) to the record . . . upon which the opposing party relies." *Id.* § 4.01(E). If the nonmovant does not specifically controvert any matter set forth in the SUMF, each such matter is admitted against it. *Id.*

Cardinals' purported Rule 56(d) motion is a procedurally improper summary judgment response that mandates entry of summary judgment against Cardinals for a host of reasons. It might be one thing if Cardinals had simply alluded to its position on the merits of Power's motion, but **Cardinals goes much further than that, arguing on the merits in opposition to Power's motion at great length, and repeatedly interweaving numerous allegations of Power's conduct and other merits issues that have nothing to do with potential Rule 56(d)**

11

**relief**.  Pages 3 through 7 of Cardinals' brief are an extended discussion of Cardinals' version of alleged background facts that have nothing to do with why, how, or whether Cardinals is entitled to relief under Rule 56(d).  Cardinals then spends pages 13 through 15 setting forth its substantive arguments in opposition to Power's motion, explaining at length Cardinals' contention that the Agreement's "plain terms" support Cardinals' interpretation over Power's—which, again, goes to the merits of Power's summary judgment and is irrelevant to 56(d) relief.

At numerous other points in its brief, Cardinals delves into the merits, arguing, for example, that Power "engaged in bad faith conduct," Doc. 34 at 1, and committed "breaches" and "misdeeds," *id.* at 5-7, 9.  Cardinals references a purported statement by Mr. Miller that not only is unsubstantiated, but (even if it had been made) has nothing to do with relief under Rule 56(d).  *Id.* at 10-11.  Cardinals' declaration is no better, improperly arguing merits issues and legal conclusions instead of setting forth *facts* that might support relief under Rule 56(d).  *E.g.*, Doc. 33-1 ¶¶ 6, 10 (Cardinals' counsel declaring that "[Power's August 9, 2021 Notice] does not accurately calculate the proposed purchase price, nor contains sufficient information," "Power's and Mason's improper conduct leading up to the exercise of the Call Option amounts to unclean hands," and Power's "[summary judgment] argument is not appropriate for summary judgment."[4]  Under the guise of moving for relief under Rule 56(d), Cardinals has instead filed

---

[4] Affidavits or declarations submitted in federal court in any briefing context are to be ignored and disregarded to the extent they purport to state legal conclusions as fact.  *See Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800-01 (8th Cir. 2004); *Hinten v. Midland Funding, LLC*, No. 2:13 CV 54 DDN, 2013 WL 5739035, at *3-4 (E.D. Mo. Oct. 22, 2013) (refusing to consider portion of affidavit in support of motion to compel arbitration because it merely set forth affiant's legal conclusion); *Rho v. Kim*, No. 4:08CV1145MLM, 2008 WL 4279609, at *1 n.3 (E.D. Mo. Sept. 12, 2008) (same holding in context of motion to transfer venue); *Andrews v. Dep't of Justice*, 769 F. Supp. 314, 316 (E.D. Mo. 1991) (same holding in context of motions to dismiss).

its opposition to Power's summary judgment.

Cardinals' summary judgment opposition is procedurally improper. Cardinals did not file the required Response to Statement of Material Facts. This mandates the admission against it of every matter set forth in Power's SUMF (Doc. 25-1). Although Cardinals filed a memorandum (Doc. 34), it did not support any of its arguments—as it was required to—by citing and attaching record materials. Nor did Cardinals prove the presence of genuine disputes sufficient to deny Power's motion or prove that Power cannot produce admissible evidence to support its claims. Power's summary judgment motion must be granted.

A contrary result would be unfair to Power and violate this Court's Rules. Rather than simply addressing Rule 56(d), Cardinals' filings go much further. Allowing Cardinals to file an additional opposition memorandum would violate the requirement that the party opposing any motion may file *one* memorandum in opposition (L.R. 4.01(B)). And it would be unfair, allowing Cardinals to present its summary judgment opposition arguments to this Court multiple times, in multiple briefs. The Rules do not allow Cardinals two bites at the apple like this.

        **b.**    **Rule 56(d) decisions and the equities of the situation mandate summary judgment against Cardinals.**

The consequence of Cardinals' improper and inadequate Rule 56(d) motion should be that this Court grants Power's summary judgment motion. This outcome not only comports with Rule 56(d) cases, it is supported by the equities of this situation and the gamesmanship and lack of credibility evident in Cardinals' positions and actions.

In denying litigants' Rule 56(d) motions, courts in this District routinely grant the movant's summary judgment motion at the same time. *E.g.*, *Irving*, 2019 WL 6842006, at *3-4 (denying Rule 56(d) motion and granting summary judgment motion simultaneously); *Stiriling*, 2018 WL 3489592, at *2-8 (same); *Isaac v. Cockrell*, Case No. 1:16-CV-27-SNLJ, 2018 WL

827961, at *2, 5 (E.D. Mo. Feb. 12, 2018) (same).  This Court should do exactly that here.

Further, the equities strongly favor Power over Cardinals.  When the Court denies Cardinals' Rule 56(d) motion, it should not give Cardinals yet more time to prepare and file another opposition to Power's motion; it should simply grant Power's motion.

First, Cardinals waited until the last possible day—the full 21 days after Power filed its summary judgment motion—to file a motion telling this Court that it is unable to respond to the summary judgment motion on the merits because it needs time to conduct vague and unspecified discovery.  This fits with the theme, highlighted above, that Cardinals filed its motion as a delay tactic.  Cardinals should not be rewarded with another opportunity to respond to Power's summary judgment motion, much less 30 additional days past the Court's decision on the purported Rule 56(d) motion.

Second, Cardinals' conduct evidences its ability to respond *on the merits* to Power's motion within the original 21-day deadline—not many months down the road.  As discussed above, Cardinals' motion is in fact a response to Power's summary judgment motion—albeit an improper and defective one.  Despite filing what it purports to be a Rule 56(d) motion asking for Power's summary judgment motion to be continued, and telling the Court it would not "get[] too far into the merits," Doc. 34 at 13, Cardinals "gets into the merits" of Power's motion in a major way, improperly arguing the substance of its position on the summary judgment.  *Id.* at 2, 13-15.  This shows that Cardinals was more than capable of responding on the merits, within the 21-day response period, to Power's motion, which again is a narrow motion on a purely legal issue based on the four corners of the parties' contract.

Further, Cardinals' additional request for 30 days to file a cross-motion for partial summary judgment on "the LLC Agreement"—i.e., the exact same issue briefed in Power's

14

motion—not only is unnecessary and duplicative, given Power's pending motion, but also contradicts Cardinals' position that it needs significantly more time to conduct discovery in order to enable it to respond to Power's motion at all.  If Cardinals needs additional time for discovery just to mount a proper response to Power's motion, how is it that Cardinals is also able to move for summary judgment on the exact same issue raised by Power's motion within 30 days?  The answer is that Cardinals does not really need additional time at all, and is simply attempting to stall.  In this vein, the Court should also know that Cardinals has not even served any discovery in this case, despite now protesting that its inability to discover facts means it cannot respond to the summary judgment.  The Court should both deny Cardinals' motion and immediately grant Power's summary judgment motion.

     For the many reasons described above, the Court should deny Cardinals' motion. However, should the Court also grant Cardinals' request for 30 days to both prepare and file an opposition to Power's motion and file their own cross-motion on the same issue, this would further delay disposition of Power's narrow motion for partial summary judgment.  This result is unsupported by law, flies in the face of judicial efficiency and the need to move this case along, and rewards Cardinals for its attempt to hinder and delay resolution of a motion that, as its conduct has shown, it was more than capable of responding to within the original deadline.

| | |
|---|---|
| Dated:  October 12, 2021 | ARMSTRONG TEASDALE LLP |

By: */s/ Christopher R. LaRose*
    Christopher R. LaRose    #59612MO
    Daniel R. O'Brien    #69258MO
    Armstrong Teasdale LLP
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    Telephone:  314.621.5070
    Fax:  314.621.5065
    clarose@atllp.com
    dobrien@atllp.com

ATTORNEYS FOR PLAINTIFF POWER INVESTMENTS, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 12th day of October, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the same to all counsel of record.

                                                            */s/ Christopher R. LaRose*