UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| POWER INVESTMENTS, LLC, | ) |
|     Plaintiff/Counterclaim Defendant, | ) ) ) ) |
| vs. | ) ) Case No. 4:21-cv-01022-SEP ) |
| CARDINALS PREFERRED, LLC, | ) ) ) |
|     Defendant/Counterclaim Plaintiff. | ) ) ) |

## POWER INVESTMENTS, LLC'S ANSWER TO COUNTERCLAIMS

Plaintiff/Counterclaim Defendant Power Investments, LLC ("**Power**"), for its answer to the Counterclaims of Defendant/Counterclaim Plaintiff Cardinals Preferred, LLC ("**Cardinals**"), states as follows:

### Nature of the Action

1. The allegations in Paragraph 1 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

2. The allegations in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that Ashley Energy LLC (the "**Company**") received over $35 million in insurance proceeds in connection with a major water intrusion event at the Company Plant that occurred in 2019 (the "**Water Intrusion Event**"). Except as expressly admitted, this Paragraph is denied.

3. The allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

4. The allegations in Paragraph 4 contain requests for relief to which no response is required. To the extent a response is deemed required, Power denies the allegations in this Paragraph and denies that Cardinals is entitled to the relief requested in this Paragraph.

## Parties, Jurisdiction, and Venue

5. Power admits that Cardinals is a limited liability company organized and existing under the laws of the State of Delaware and is wholly owned by Lexington Finance Designated Activity Company ("LFDAC"), an Irish designated activity company. Power denies that LFDAC is to be treated, for diversity of citizenship purposes, as a limited liability company or LLC. Power states that it lacks knowledge or information sufficient to admit or deny the allegation that "LFDAC has two members, which are both limited liability companies," and, accordingly, denies same. Power further states that it lacks knowledge or information sufficient to admit or deny the allegation that "[a]t least eighteen (18) members and/or ultimate beneficial owners are individuals with New York citizenship and residency," and, accordingly, denies same. Power further denies that the members of LFDAC, if any, or the "members and/or ultimate beneficial owners" of LFDAC and/or LFDAC's alleged members, are relevant to the citizenship of Cardinals. Power further states that LFDAC is to be treated, for diversity of citizenship purposes, as a corporation. Power states that it lacks knowledge or information sufficient to admit or deny the allegation that LFDAC has "a place of business in New York," and, accordingly, denies same. Except as expressly admitted, this Paragraph is denied.

6. Admit.

7. The allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that it brought the underlying action in this Court on the basis of complete diversity. Power admits that this Court

has jurisdiction over both Power's claims against Cardinals and Cardinals' counterclaims against Power. Except as expressly admitted, this Paragraph is denied.

8. The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is admitted.

9. The allegations in Paragraph 9 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is admitted.

## Factual Background

## The Purchase of the Ashley Power Plant

10. Admit.

11. Power admits that many of the referenced businesses rely on steam to heat their properties. As to the remaining allegations in Paragraph 11 concerning the operations of the Plant prior to Power's existence and the Plant's operating results while owned by Veolia, the prior owner, Power states that it lacks knowledge or information sufficient to admit or deny these allegations, and, accordingly, denies same. Except as expressly admitted, this Paragraph is denied.

12. The allegations in Paragraph 12 state legal conclusions to which no response is required. To the extent a response is deemed required, Power states that in December 2016 Power met with representatives of Arena Investors, L.P. and requested a loan in order to facilitate the purchase of the Plant. Power further states that Power and Cardinals both agreed to invest in the Company, the entity that would own the Plant. Except as expressly admitted, this Paragraph is denied.

13. Admit.

3

**The Ashley LLC Agreement**

14. The allegations in Paragraph 14 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

15. The allegations in Paragraph 15 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that under the Agreement, the "Preferred Unitholder," which at the time of the Agreement's execution was Cardinals, was given priority to unreturned capital in the event of liquidation, the right to exercise a put option, and entitlement to certain additional financial information. Power denies that Cardinals has or was given "preferential rights" under the Agreement or otherwise. Except as expressly admitted, this Paragraph is denied.

16. The allegations in Paragraph 16 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that under the Agreement the "Preferred Unitholder," which at the time of the Agreement's execution was Cardinals, was given a limited mechanism by which it could convert its Preferred Units into Class A Common Units, provided that those Preferred Units were not already the subject of a Call Option exercised by Power, the "Class A Common Unitholder," and provided that the Company had not already been liquidated, dissolved, or wound up. Power admits that the "Preferred Unitholder's" limited conversion right is governed by Agreement § 4.1(a) and all other applicable provisions of the Agreement, including without limitation Agreement § 10.5. Power admits that the indented quoted language accurately states a portion of the language contained in Agreement § 4.1(a), except that Agreement § 4.1(a) does not emphasize the phrase "at any time." Power denies Cardinals' legal characterizations of the conversion right and Agreement § 4.1(a), including

4

without limitation Cardinals' contention that it was permitted to convert "at any time" without limitation. Except as expressly admitted, this Paragraph is denied.

17. The allegations in Paragraph 17 state legal conclusions to which no response is required. To the extent a response is deemed required, Power denies that Agreement § 4.1(b) states the language quoted or proposition asserted in this Paragraph.

18. The allegations in Paragraph 18 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

19. The allegations in Paragraph 19 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

20. The allegations in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

## The Water Intrusion Event

21. Denied.

22. Power admits that in 2019, the Plant suffered the Water Intrusion Event, which adversely impacted operations and revenue. Except as expressly admitted, this Paragraph is denied.

23. Admit.

24. Power admits that the damage caused by the Water Intrusion Event was covered by a variety of insurance policies. Except as expressly admitted, this Paragraph is denied.

25. Power admits that the Company was paid over $35 million in 2020 and 2021 in insurance proceeds and was assigned subrogation rights held by the insurance carriers against third parties. Power further states that Cardinals' owner estimated the value of the subrogation

5

rights to be at $7.3 million, and the Company estimated the value of the subrogation rights to be as little as $2 million. Except as expressly admitted, this Paragraph is denied.

### Power's Breaches

26. Power states that the repairs to the Plant are as of now not complete, and therefore a determination of whether the insurance proceeds exceed the cost of such repairs is premature. Power denies that the Company maintained $4 million of excess capital at any time. Power further states that all of the insurance proceeds were required to be used to repair the Plant, and none are or were permitted to be distributed (if any excess funds remain after the repairs are complete) without the express consent of the Company's lender and the City of St. Louis. Except as expressly admitted, this Paragraph is denied.

27. Power states that in approximately the winter of 2020 and spring of 2021, the Parties discussed a scenario where a distribution of insurance proceeds could potentially be made to Power and Cardinals, but only if: a) excess funds were left over after all Plant construction was finished, and b) both the Company's bank and the City of St. Louis permitted the distribution. Power denies that these necessary conditions for the potential distribution scenario just stated have ever been fulfilled. Power further denies that the amounts of the potential distribution under the scenario just stated were known or certain. Except as expressly admitted, this Paragraph is denied.

28. Denied.

29. Denied.

30. The allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that, under the Agreement, Power was given a Call Option, which permitted Power to exercise the Call Option and thereby

purchase all or a portion of the Company's Preferred Units, using the price formula set forth in Agreement § 10.5(a)(i), on or after August 9, 2021.  Except as expressly admitted, this Paragraph is denied.

       31.     Denied.

       32.     Denied.

       33.     The allegations in Paragraph 33 state legal conclusions to which no response is required.  To the extent a response is deemed required, Power states that in January 2021, the Board of the Company unanimously approved the engagement of Brown Smith Wallace as the Company's auditors.  Power further states that in August 2020, the Board had unanimously approved the hiring of Brown Smith Wallace to assist with the calculation of the Company's trailing 12-month (TTM) EBITDA, long-term debt, and working capital, and to periodically update those calculations on a quarterly basis thereafter.  Except as expressly admitted, this Paragraph is denied.

       34.     The allegations in Paragraph 34 state legal conclusions to which no response is required.  To the extent a response is deemed required, this Paragraph is denied.

       35.     Power states that the quoted half-sentence has been intentionally taken out of context and is not referring to the exercise of the put or call option ***except at the closing table of an arms-length sale of the Company***.  Power further states that in fact, the complete quoted sentence was: "I think both sides should have a carve-out for pricing the put/call to accommodate a third party, arms-length sale, so that neither side can arbitrage the other.  For example, if we are able to put together a sale that would value the equity at 3X, we shouldn't be able to call your equity at a value of 2X at closing."  Except as expressly admitted, this Paragraph is denied.

7

36. Power states that it sent its Notice of Exercise of Call Option ("**Call Notice**") on August 9, 2021 to Cardinals' office in New York City via courier, facsimile, and certified U.S. mail. Power further states that its Call Notice communicated to Cardinals Power's actual and lawful exercise of the Call Option and resulting purchase of all of the Preferred Units. Power further denies that its Call Notice was only a notice of an "intent to exercise its Call and purchase the Preferred Units." Power states that it lacks knowledge or information sufficient to admit or deny the allegation that "Cardinals' offices largely remain empty due to COVID-related restriction," and, accordingly, denies same. Power denies that Cardinals did not receive Power's Call Notice until August 12, 2021. Power admits that Cardinals responded to Power's Call Notice by attempting to convert all of its Preferred Units to Class A Common Units. Power further denies that Cardinals actually, effectively, or lawfully converted its Preferred Units to Class A Common Units or actually, effectively, or lawfully exercised the conversion right set forth in the Agreement. Power further denies that the Preferred Units have been actually, effectively, or lawfully converted to Class A Common Units. Except as expressly admitted, this Paragraph is denied.

37. Denied.

## Count I: Declaratory Judgment

38. Power re-alleges and incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

39. Power admits that Cardinals is seeking the relief described in this Paragraph, but denies that Cardinals is entitled to that relief or any other relief claimed in Cardinals' Counterclaims. Except as expressly admitted, this Paragraph is denied.

8

40. Power admits that an actual and justiciable controversy exists between Cardinals and Power, for the reasons described in Paragraphs 61-67 of Power's Complaint (Doc. 1). Power admits that there is a dispute between Cardinals and Power regarding Power's exercise of its Call and Cardinals' alleged/attempted exercise of the Conversion Right. Power denies that Cardinals actually, effectively, or lawfully exercised the Conversion Right, and denies that Power's exercise of its Call was "alleged." Except as expressly admitted, this Paragraph is denied.

41. The allegations in Paragraph 41 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

42. The allegations in Paragraph 42 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

43. The allegations in Paragraph 43 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

44. The allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

45. The allegations in Paragraph 45 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

46. The allegations in Paragraph 46 contain requests for relief to which no response is required. To the extent a response is deemed required, Power denies the allegations in this Paragraph and denies that Cardinals is entitled to the relief requested in this Paragraph.

### Count II: Specific Performance

47. Power re-alleges and incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

48. The allegations in Paragraph 48 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

49. The allegations in Paragraph 49 state legal conclusions to which no response is required. To the extent a response is deemed required, Power denies that Agreement § 4.1(b) states the language quoted or proposition asserted in this Paragraph.

50. The allegations in Paragraph 50 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

51. Power admits that a liquidation, dissolution, and winding up of the Company have not occurred to date, but denies that one of these three events is required to happen for the Agreement's Conversion Right to be extinguished, or that the occurrence of one or more of these three events is the only limitation on the Agreement's Conversion Right. Except as expressly admitted, this Paragraph is denied.

52. The allegations in Paragraph 52 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that Cardinals delivered to the Company written notice that it was attempting and purporting to convert its Preferred Units into Class A Common Units after the close of business on August 15, 2021, allegedly effective August 16, 2021, but denies that Cardinals ever actually, effectively, or lawfully converted its Preferred Units into Class A Common Units, or that Cardinals' attempted/purported conversion ever became effective. Power denies that as of the close of business on August 16, 2021, Cardinals was or became a Class A Common Unitholder. Except as expressly admitted, this Paragraph is denied.

53. The allegations in Paragraph 53 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

54. The allegations in Paragraph 54 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

55. The allegations in Paragraph 55 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

56. The allegations in Paragraph 56 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that Agreement § 15.3 authorizes the parties to the Agreement to pursue, among other things, specific performance as a remedy for breaches of the Agreement, but denies that Power has breached the Agreement in any way. Power further denies that Cardinals is entitled to prevail or recover on any of the remedies enumerated in Agreement § 15.3. Except as expressly admitted, this Paragraph is denied.

57. Denied.

58. The allegations in Paragraph 58 contain requests for relief to which no response is required. To the extent a response is deemed required, Power denies the allegations in this Paragraph and denies that Cardinals is entitled to the relief requested in this Paragraph.

## Count III: Breach of Contract

59. Power re-alleges and incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

60. The allegations in Paragraph 60 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that Cardinals and Power entered into a valid and enforceable contract, the Agreement. Power admits that the Agreement sets forth certain rights and obligations of the parties. Except as expressly admitted, this Paragraph is denied.

61. The allegations in Paragraph 61 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

62. The allegations in Paragraph 62 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

63. Power admits that a liquidation, dissolution, and winding up of the Company have not occurred to date, but denies that one of these three events is required to happen for the Agreement's Conversion Right to be extinguished, or that the occurrence of one or more of these three events is the only limitation on the Agreement's Conversion Right. Except as expressly admitted, this Paragraph is denied.

64. The allegations in Paragraph 64 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that Cardinals delivered to the Company written notice that it was attempting and purporting to convert its Preferred Units into Class A Common Units after the close of business on August 15, 2021, allegedly effective August 16, 2021, but denies that Cardinals ever actually, effectively, or lawfully converted its Preferred Units into Class A Common Units, or that Cardinals' attempted/purported conversion ever became effective. Power denies that as of the close of business on August 16, 2021, Cardinals was or became a Class A Common Unitholder. Except as expressly admitted, this Paragraph is denied.

65. The allegations in Paragraph 65 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

66. Denied.

67. The allegations in Paragraph 67 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

### Count IV: Breach of Implied Covenant of Good Faith and Fair Dealing

68. Power re-alleges and incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

69. The allegations in Paragraph 69 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that the cited case, *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 412 (Mo. App. 2000), states that: "Missouri law implies a covenant of good faith and fair dealing in every contract. . . . The implied duty of one party to cooperate with the other party to a contract to enable performance and achievement of the expected benefits is an enforceable contract right." Except as expressly admitted, this Paragraph is denied.

70. The allegations in Paragraph 70 state legal conclusions to which no response is required. To the extent a response is deemed required, Power admits that the cited case, *Glenn v. HealthLink HMO, Inc.*, 360 S.W.3d 866, 877 (Mo. App. 2012), states that: "A party breaches the covenant of good faith and fair dealing if it exercises a judgment conferred by the express terms of the agreement in a manner that evades the spirit of the agreement and denies the movant the expected benefit of the agreement." Except as expressly admitted, this Paragraph is denied.

71. The allegations in Paragraph 71 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

72. The allegations in Paragraph 72 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

73. The allegations in Paragraph 73 state legal conclusions to which no response is required. To the extent a response is deemed required, this Paragraph is denied.

**Prayer for Relief**

The Paragraph titled Prayer for Relief contains a "WHEREFORE" clause and prayer for relief to which no response is required. To the extent a response is deemed required, Power denies the allegations in this Paragraph and denies that Cardinals is entitled to the relief requested in this Paragraph.

**AFFIRMATIVE DEFENSES**

Plaintiff/Counterclaim Defendant Power Investments, LLC asserts the following defenses to Defendant/Counterclaim Plaintiff Cardinals Preferred, LLC's counterclaims, without assuming the burden of proof with respect to any of its defenses unless such is required by law. Power's investigation is ongoing, and Power reserves the right to assert additional defenses as they become known through discovery or otherwise.

1. The Counterclaims fail to state a claim upon which relief may be granted.

2. Any recovery by Cardinals is barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, and laches.

3. Cardinals' claims are barred, in whole or in part, by Cardinals' own breaches of the Agreement.

4. Power's actions were taken in good faith, and Power has reasonable grounds for believing that its actions were not in violation of any applicable law or agreement.

5. Power's actions were ratified, approved, and confirmed by the Board of the Company, which includes multiple representatives of Cardinals.

6. Power's actions were ratified, approved, and confirmed by Cardinals.

7. Cardinals' claims are barred, in whole or in part, because Cardinals has suffered no harm or damages.

8. To the extent Cardinals is entitled to any damages, which Power denies, Cardinals has failed to mitigate its damages.

9. To the extent Cardinals is entitled to any damages, which Power denies, Cardinals is not entitled to consequential or special damages.

Dated:  October 15, 2021　　　　　　　　　　ARMSTRONG TEASDALE LLP


By: */s/ Christopher R. LaRose*
　　Christopher R. LaRose　　　#59612MO
　　Daniel R. O'Brien　　　　　#69258MO
　　Armstrong Teasdale LLP
　　7700 Forsyth Blvd., Suite 1800
　　St. Louis, Missouri 63105
　　Telephone:  314.621.5070
　　Fax:  314.621.5065
　　clarose@atllp.com
　　dobrien@atllp.com

ATTORNEYS FOR PLAINTIFF POWER INVESTMENTS, LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 15th day of October, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the same to all counsel of record.

*/s/ Christopher R. LaRose*