**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| POWER INVESTMENTS, LLC, | ) |
| *Plaintiff*, | ) |
| vs. | ) Case No. 4:21-cv-01022 |
| CARDINALS PREFERRED, LLC, | ) |
| *Defendant*. | ) |

**DEFENDANT CARDINALS PREFERRED LLC'S**
**REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR RELIEF PURSUANT TO F.R.C.P. 56(D)**

Defendant/Counterclaim Plaintiff Cardinals Preferred, LLC ("Cardinals"), by and through its undersigned counsel, hereby submits this reply brief in further support of its Motion for Relief Pursuant to F.R.C.P. 56(d) (the "Rule 56(d) Motion") and states as follows:

**PRELIMINARY STATEMENT**

Contrary to Plaintiff/Counterclaim-Defendant Power Investments, LLC's ("Power") (mis)representation in its Opposition, Cardinals' primary argument is **not** that it is improper to file a motion for summary judgment before the parties have conducted discovery or before a responsive pleading has been filed. Cardinals' primary argument is that summary judgment motions before discovery are the rare exception, not the rule, and it was improper for Power to file such a motion here because there are factual issues identified in the O'Brien Declaration that cannot be decided without discovery and a full evidentiary record. Power's motion for summary judgment is premature and accordingly the Court should grant Cardinals' Rule 56(d) Motion.

Power attempts to avoid this inevitable conclusion by claiming that both Parties contend the relevant contract is unambiguous. But Power's argument ignores this Court's previous holding

that "[a]t this very early stage in the litigation, ***both parties have presented compelling arguments supporting their interpretation of the contractual text,*** and neither has effectively countered the other's position with either legal authority *or evidence*." TRO Op. at 5 (emphasis added).  Indeed, Power seemed to tacitly agree with the Court's holding when it filed its Motion for Summary Judgment and submitted in support **more than a dozen** emails and documents to allegedly show "the intent" of the Parties.  Although Power would like to substitute its attaching a slew of unauthenticated emails that are not of record, it is clear that full discovery is needed here.

Power's argument that Cardinals has not met its Rule 56(d) burden is also simply false.  The Court need only look to the O'Brien Declaration (Doc. 33-1) which contradicts the arguments advanced by Power in its Opposition.  It sets forth in specific detail the facts Cardinals intends to discover and why those facts, if proven true, would establish that Power is not entitled to the relief it seeks.  It also identifies the means by which Cardinals intends to elicit that information and how the discovered material would factor into relevant arguments against Power's Motion for Summary Judgment.  That is exactly what is required by Rule 56(d).

Finally, Power's argument that the Court should grant Power's Motion for Summary Judgment on the most important issue in this case is beyond the pale.  Leaving aside the inequity of such a result, Power cites no legal authority whatsoever for this Court to do so.  That is because there is none and Power's request further underscores its gamesmanship.

Simply put, Cardinals' Rule 56(d) Motion is proper, more than adequately presented, and should be granted.  Any other result would reward Power's gamesmanship.

## ARGUMENT

### I. Cardinals is Entitled to Discovery.

As explained fully in Cardinals' Opening Brief in support of its Rule 56(d) Motion, "'[a]s a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery.'" *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049-50 (8th Cir. 2012) (quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999)) (internal quotation omitted). "Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). Where, as here, there are factual issues identified by the nonmoving party that cannot be decided without a full record and discovery, the filing of a summary judgment motion is inappropriate. *See, e.g.*, *Fletcher v. City of Wilmington Udag*, 905 A.2d 746 (Del. 2006) ("Summary judgment will not be granted … if it seems desirable *to inquire more thoroughly into the facts to clarify the application of law to the circumstances*.") (emphasis added).

Power's Opposition utterly ignores this case law and argues that summary judgment should be permitted here without discovery because the LLC Agreement is unambiguous. Yet, Power tellingly submitted with its Summary Judgment Motion over a dozen emails and documents purportedly exchanged prior to execution of the LLC Agreement, which have never been produced to Cardinals, to allegedly "inform" the Court's interpretation of the contract. Further, just three weeks earlier, this Court held that "[a]t this very early stage in the litigation, both parties have presented compelling arguments supporting their interpretation of the contractual text, and neither

has effectively countered the other's position with either legal authority or evidence." TRO Op. at 5.  It is clear, therefore, that both Power and the Court believe that discovery is needed here.[1]

## II.    Cardinals Has Complied With F.R.C.P. 56(d).

The Opposition's attempt to attack the sufficiency of Cardinals' Rule 56(d) Declaration likewise is without merit.  Power claims that Cardinals did not set forth "specific information or specific documents not already in Cardinals' possession that Cardinals must prove exists and are necessary to defeat summary judgment." (Doc. 37, at 2).  That, however, is not the law or the facts.

To be granted relief under Rule 56(d), the non-movant must merely present an affidavit or declaration showing what "further discovery **might** uncover, or what information further discovery **might** reveal."  *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049-50 (8th Cir. 2012) (quoting *Anuforo v. Comm'r of Internal Revenue*, 614 F.3d 799, 808 (8th Cir. 2010)) (emphasis added).  The affidavit or declaration demonstrates to the Court "how postponement of ruling on the motion" will enable the non-movant, "by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Goldsmith v. Lee Enters*, No 4:19CV1772 HEA, 2020 U.S. Dist. LEXIS 105334, at *7 (E.D. Mo. June 16, 2020).

Cardinals has set forth in specific detail in the O'Brien Declaration the facts it intends to discover and why those facts, if proven true, would further establish that Power was not entitled to the relief it sought.  Those include, among other things, (i) the Parties' intent and agreement regarding whether Cardinals could exercise its Conversion Right after Power exercised its Call Option; (ii) the nature and extent of the Parties discussion regarding "preferred" rights, including

---

[1] Power claims that Cardinals' argument that it believes its interpretation is unambiguous means that it should not be permitted to take discovery.  Power's argument, however, again misses the point.  As stated in Cardinals' Opening Brief, "[b]ased on the Court's TRO Opinion, Cardinals understood the Court as holding that evidence would be needed to resolve the issue of whether a mere notice of intent to call the Preferred Units cut off Cardinals' preferential rights to convert its Preferred Units into Class A Common Units "at any time".  However, to the extent the Agreement is unambiguous on its face, a reading of its plain terms supports Cardinals' interpretation."  Opening Br. at 13.

Cardinals' Conversion Right, or Power's Call Option when negotiating the LLC Agreement, including Mr. Miller's own statements that the LLC Agreement should prohibit exactly what he is attempting to do in this Action; (iii) the Parties' intent with respect to designating Cardinals a Preferred Unitholder and Power a Class A Common Unitholder; (iv) Dentons' and Mr. Miller's joint role in drafting the LLC Agreement; (v) the extent to which the letter that Mr. Miller sent on August 9, 2021 could constitute notice under the Agreement because it does not accurately calculate the proposed purchase price and contains insufficient information; and (vi) the extent to which Power's and Mr. Mason's improper conduct leading up to the exercise of the Call Option amounts to unclean hands, usurpation of corporate opportunities, and diversion of company assets. Any one of those issues could (and will) dispose of the Summary Judgment Motion in favor of Cardinals.[2]

Furthermore, the O'Brien Declaration identifies the means by which Cardinals intends to elicit said information and how the discovered material would factor into relevant arguments against Power's Motion. *See* Doc. 33-1, at p. 2-4. As stated in the O'Brien Declaration, "Cardinals will seek discovery regarding the above-mentioned topics, including, but not limited to, written discovery regarding the negotiation and execution of the LLC Agreement, Power's and Miller's conduct leading up to Power's exercise of the Call Option, and Miller's alleged Call Option Notice." *Id.* ¶ 10. It also provides that "Cardinals will want to depose, among other people, Mr. Miller to determine, among other things, the Parties' intent with respect to the terms of the LLC Agreement, Mr. Miller's actions leading up to the Call Option, and how Mr. Miller calculated the purchase price under the Call Option." *Id.* ¶ 11. "Cardinals expects to prove not only that the

---

[2] Power's argument that Cardinals did not set forth "facts" but just "allegations" and "issues" is bizarre. Leaving aside that this is belied by the O'Brien Declaration, under Power's view of Rule 56(d), Cardinals is required to prove its entire case to be entitled to discovery. Clearly, that is not true, would be entirely circular, and produce an absurd result – i.e., a party is only entitled to discovery if, prior to such discovery, the party proves out the entire case.

Parties intended that Cardinals could convert its Preferred Units to Class A Common Units after Power exercised its Call Option, but that, even if that were not true, Power's claims are barred by its own misdeeds under the doctrine of unclean hands." *Id.* ¶ 12.  Thus, the O'Brien Declaration establishes exactly what is required under Rule 56(d). *See*, *e.g., Shuck v. Int'l Ass'n of Machinists & Aero. Workers, Dist. 837*, No. 4:14CV288 RLW, 2014 U.S. Dist. LEXIS 156459, at *7 (E.D.Mo. Nov. 5, 2014) (non-movants motion to deny summary judgment as premature granted based on Rule 56(d) affidavit from her attorney demonstrating she was unable to depose key witnesses, "identified specific facts she seeks through discovery and what methods of discovery she will use to develop those facts").[3]

### III. Cardinals is Entitled to Respond to Power's Summary Judgment Motion and Cross-Move For Summary Judgment if the Rule 56(d) Motion is Denied.

Power spends five pages of its Opposition to suggest this Court not only deny Cardinals' Rule 56(d) Motion, but should unilaterally reclassify it as Cardinals' opposition to Power's Motion for Summary Judgment, *and then* grant Power's Motion for Summary Judgment over Cardinals' controverted opposition.  While the suggestion does not want for in creativity, it is lacking in legal authority as the suggestion comes conspicuously devoid of any precedential backing.  That is because there is no such support.

Indeed, Power's argument that Cardinals' Rule 56(d) Motion is tantamount to an opposition to Power's Motion for Summary Judgment given the factual background provided and the establishment of "its position on the merits" is, to put it bluntly, absurd.  After previously criticizing Cardinals for not providing sufficient "facts" to warrant a Rule 56(d) Motion, Power

---

[3] Power's suggestion that this is a delay tactic is nonsensical as the Parties have already agreed to a case schedule. That case schedule, submitted with the Parties' agreed dates, sets a deadline for dispositive motions that is still six months away.  While Power may claim it is proceeding efficiently, filing a summary judgment motion before issues have been joined and an Answer and Initial Disclosures were even due, let alone discovery having occurred, is simply a needless waste of time and effort counter to the requirements of Fed. R. Civ. P. 1.

argues from the other side of its mouth that Cardinals' Rule 56(d) Motion provided *too many facts* that it should be treated as an opposition to its Motion for Summary Judgment. That defies common sense.

But Power does not stop there. In claiming Cardinals' Rule 56(d) Motion should instead constitute an opposition brief to Power's Motion for Summary Judgment, Power then proceeds to explain why the filing is procedurally and substantively deficient as an opposition and that "equity" demands this Court grant summary judgment in Power's favor on the most important issue in this case. Unsurprisingly, the argument is left unsupported by any authority whatsoever. It is clear that Power's argument is nothing other than an attempt to short circuit the legal process and Cardinals' rights.

Both law and equity demand that Cardinals' Rule 56(d) Motion be granted. Discovery is needed and warranted for the reasons discussed above. Nevertheless, to the extent the Court believes that the LLC Agreement is unambiguous on its face, the Court should permit leave for Cardinals to file a cross-motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Cardinals respectfully requests the Court grant Cardinals' Initial Motion, deny Power's Motion for Partial Summary Judgment without prejudice, and allow discovery to proceed. Solely in the alternative, to the extent the Court would order merits-based briefing prior to discovery, the Court should grant Cardinals thirty (30) days to file its Opposition and a Cross-Motion for Partial Summary Judgment the LLC Agreement.

Dated: October 22, 2021                    Respectfully submitted,

                                           DENTONS US LLP

                                           By:      /s/ Stephen J. O'Brien
                                               Stephen J. O'Brian #43977MO
                                               One Metropolitan Square, Suite 3000
                                               St. Louis, Missouri 63102
                                               Telephone: (314) 241-1800
                                               Facsimile: (314) 259-5959
                                               stephen.obrien@dentons.com

                                               REED SMITH LLP
                                               Joseph J. Tuso
                                               Wayne C. Stansfield
                                               Three Logan Square
                                               1717 Arch Street, Suite 3100
                                               Philadelphia, Pennsylvania 19103
                                               Telephone: (215) 851-8100
                                               Facsimile: (215) 851-1420
                                               jtuso@reedsmith.com
                                               wstansfield@reedsmith.com
                                               (*admitted pro hac vice*)

                                               *Attorneys for Cardinals Preferred, LLC*