# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| POWER INVESTMENTS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No.: 4:21-cv-01022-SEP |
| CARDINALS PREFERRED, LLC, | ) |
| Defendant. | ) |

**NON-PARTY ASHLEY ENERGY, LLC'S OBJECTIONS TO DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS**

Non-party Ashley Energy, LLC ("Ashley"), pursuant to Fed. R. Civ. P. 45(d)(2)(B), states the following objections to Defendant Cardinals Preferred, LLC's ("Defendant") subpoena to produce documents directed to Ashley, of which service was accepted on December 10, 2021, (the "Subpoena"):

**GENERAL OBJECTIONS TO REQUESTS FOR DOCUMENTS**

1. Ashley objects to the entirety of the Subpoena in that it fails to allow a reasonable time to comply. Fed. R. Civ. P. 45(d)(3)(A)(i). Specifically, Defendant did not serve the subpoena directed to Ashley until December 10, 2021 which only left 5 business days to comply before the December 17, 2021 deadline. Five business days is not a reasonable amount of time to gather and review potentially responsive documents.

2. Ashley objects to each request that exceeds or differs from the requirements of, or attempts to place burdens upon it, that exceed those imposed or allowed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Missouri, and/or any other applicable rule or law or any ruling by the Court now or in the future

EXHIBIT T

that would relieve Ashley from any obligation to respond, in whole or in part, to this Subpoena, especially in light of the fact that Ashley is a non-party to this action.

3. Ashley objects to each request that encompasses information and documents that are protected from disclosure by the attorney-client privilege, the accountant-client privilege, the work-product doctrine, or any other applicable privilege, immunity, protection, or exemption, as well as any information or documents that reveal the mental impressions, conclusions, opinions, legal research or theories of Ashley's attorneys or their agents.

4. Ashley objects because the subpoenas violate Rule 45(d)(1) that requires the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Defendant has made no such effort here. Instead, the subpoena seeks information that is plainly available to Defendant through discovery of the parties to this litigation.

5. Ashley objects to the Subpoena to the extent it seeks documents that are confidential, proprietary, or contain trade secrets.

6. Ashley objects to each request that is overly broad, unduly burdensome, not proportional to the needs of the case, not relevant, indefinite and otherwise not appropriately limited in time, scope, or subject matter, especially with respect to requests that seek production of all documents related to Ashley's financial statements, the Water Intrusion Event and the reconstruction of the Plant. Such requests are irrelevant to the underlying dispute and would require Ashley to produce functionally every document related to its entire business from 2019 to the present.

7. Ashley objects to the Subpoena to the extent that it seeks documents which are: (a) not in its possession, custody, or control, (b) in the possession, custody, or control of the Plaintiff

or Defendant, (c) publicly available, or (d) otherwise available to the Defendant without undue burden, such as from Plaintiff or Defendant's own affiliate, Arena Investors, L.P.

8.  Ashley objects to the Subpoena to the extent it requires a comprehensive search of electronically-stored information that is not reasonably accessible and/or would impose an undue cost on Ashley. For example, Request No. 4, seeks all documents "related to" Ashley's financial statements, which by definition would mean every transaction, large or de minimis, that Ashley had ever engaged in, from a single charge for fuel for a truck to a receipt for food for employees when working overtime. Such costs routinely soar into the tens of thousands of dollars and should not be borne by non-parties to the underlying litigation.

9.  Ashley objects to each request that contains the phrase "relating to" or "related to" as facially vague, overly broad, and unduly burdensome. The use of such an omnibus term requires Ashley to speculate as to what Defendant actually seeks.

10. No objection, or lack thereof, shall be deemed an admission by Ashley as to the existence or nonexistence of documents.

11. Ashley's objections and any responses that may be provided are made to the best of Ashley's present knowledge, information, and belief. Ashley reserves the right to: (a) rely on any facts, documents, information, or other evidence that may develop or subsequently come to their attention, (b) assert additional information or grounds for objecting, or (c) supplement or amend these any response and/or objections at any time pursuant to the Federal Rules of Civil Procedure, or any other applicable law or rules.

## SPECIFIC OBJECTIONS

Each of the "General Objections" above is made and incorporated by reference into each of the "Specific Objections" below as if each of the General Objections were fully set forth in each of the Specific Objections.

1. All Documents and Communications relating to Ashley's internal infrastructure, organization, and internal governance policies.

**RESPONSE:**

Ashley objects to the request to the extent it seeks documents already in the possession of the Defendant, as Defendant was a member of Ashley and therefore already in possession of such documents, and in fact participated in the drafting of the agreements giving rise to such organization and policies. As a result, the request violates Rule 45(d)(1) that requires the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Furthermore, the terms "internal infrastructure, organization, and internal governance policies" are vague and it is unclear what documents Defendant seeks. Notwithstanding the foregoing, Ashley will produce responsive documents within a reasonable time, subject to a mutually agreeable Protective Order.

2. All Documents and Communications relating to all meetings, whether formal or informal, of the Board of Managers of Ashley.

**RESPONSE:**

Ashley objects to the request to the extent it seeks documents already in the possession of the Defendant, as Defendant was a member of Ashley and therefore already in possession of such documents, and in fact participated in every such board meeting. As a result, the request violates Rule 45(d)(1) that requires the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Furthermore, it is unclear what an "informal" board meeting is. Notwithstanding the foregoing, Ashley will produce responsive documents within a reasonable time, subject to a mutually agreeable Protective Order.

3. All tax returns (state, federal, and foreign) for Ashley, and any drafts, work papers, or Documents and Communications related thereto.

**RESPONSE:**

Ashley objects to the request to the extent it seeks documents already in the possession of the Defendant, as Defendant was a member of Ashley and was provided copies of all tax returns substantially contemporaneously with their filing. Ashley further states that additional copies of

Ashley's tax returns were provided to Defendant on October 22, 2021. As a result, the request violates Rule 45(d)(1) that requires the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Finally, Ashley objects to the request to the extent it seeks documents that are protected by the accountant-client privilege. *See, e.g., Section 326.322 of the Missouri Revised Statutes.* Notwithstanding the foregoing, Ashley will produce responsive documents within a reasonable time, subject to a mutually agreeable Protective Order.

4. All Documents and Communications related to the LLC Agreement entered into by and between Power and Cardinals.

**RESPONSE:**

Ashley objects to the request as it violates Rule 45(d)(1) that requires the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Defendant has made no such effort here. Instead, the request seeks information that is plainly available to Defendant through discovery of the parties to this litigation, as any such documents would be in the possession of Power or Cardinals. With respect to documents in the possession of Ashley, the only documents responsive to the request would be those to which Cardinals is a party, and therefore by definition such documents are in the possession of Cardinals. Notwithstanding the foregoing, Ashley will produce responsive documents within a reasonable time, subject to a mutually agreeable Protective Order.

5. All Documents and Communications relating to Ashley's financial statements, including, but not limited to, Ashley's profit and loss statements, income statement, cash flow statement, balance sheets, and statement of change in equity.

**RESPONSE:**

Ashley objects to the request to the extent it seeks documents already in the possession of the Defendant, as Defendant was a member of Ashley and was provided copies of all financial statements, on a monthly and annual basis, substantially contemporaneously with their preparation, as well as copies of the audited financial statements. Ashley further states that additional financial statements for the periods after the Litigation was commenced were provided to Defendant on October 22, 2021. Ashley further states that the current monthly financial statements are not completed yet, and generally are not available until approximately 4-5 weeks after month end. As a result, the request violates Rule 45(d)(1) that requires the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Accordingly, Ashley incorporates by reference those documents previously provided to Cardinals, and will produce additional responsive documents within a reasonable time, subject to a mutually agreeable Protective Order.

6. All Documents and Communications relating to projections of Ashley's growth during the Relevant Time Period.

5

**RESPONSE:**

Ashley objects to the request to the extent the phrase "relating to projections of Ashley's growth" is facially vague, overly broad, and unduly burdensome. The use of such an omnibus term requires Ashley to speculate as to what Defendant actually seeks. Ashley objects to the request to the extent it requires a comprehensive search of electronically-stored information that is not reasonably accessible and/or would impose an undue cost on Ashley. Specifically the request as written will require the use of a third-party e-discovery vendor to locate responsive documents with an estimated cost in the tens of thousands of dollars. Ashley further states that this objection is identical to the objection asserted by Cardinal to a subpoena that was served on Cardinal in the Ashley Litigation.  Notwithstanding the foregoing, Ashley states that documents related to "projections of Ashley's growth" would also be responsive to Request No. 5 and incorporates its objections to such request as if fully restated herein.

7. All Documents and Communications reflecting any calculations, whether formal or informal, of Ashley's valuation, including, but not limited to, Ashley's EBITDA since August 2017.

**RESPONSE:**

Ashley objects to the request to the extent it seeks documents already in the possession of the Defendant, as Defendant was a member of Ashley and was previously provided the 2019 and 2020 audited financial statements, as well as the advisory services reports as of December 31, 2019, March 31, 2020, June 30, 2020, September 30, 2020, December 31, 2020 and March 31, 2021, all of which constitute calculations of Ashley's EBITDA by Ashley's auditors. Ashley further states that updated schedules with respect to that report prepared by Ashley's auditor as of July 31, 2021 were provided to Defendant on October 22, 2021.  Notwithstanding the foregoing, Ashley will produce responsive documents within a reasonable time, subject to a mutually agreeable Protective Order.

8. All Documents and Communications involving Armanino LLP (F/K/A Brown Smith Wallace) relating to Ashley.

**RESPONSE:**

Ashley objects to the request to the extent it seeks documents already in the possession of the Defendant, as Defendant was a member of Ashley and was previously provided the 2020 audited financial statements, as well as the advisory services reports as of December 31, 2019, March 31, 2020, June 30, 2020, September 30, 2020, December 31, 2020 and March 31, 2021, all of which were prepared by Armanino (F/K/A Brown Smith Wallace). Ashley further states that updated schedules with respect to that report prepared by Ashley's auditor as of July 31, 2021 were provided to Defendant on October 22, 2021. Finally, Ashley objects to the request to the extent it seeks documents that are protected by the accountant-client privilege.  *See, e.g., Section 326.322 of the Missouri Revised Statutes.*  Notwithstanding the foregoing, Ashley will produce responsive documents within a reasonable time, subject to a mutually agreeable Protective Order.

9. All Documents and Communications relating to Armanino LLP's (F/K/A Brown Smith Wallace) Statement of Work, contract negotiations, or terms of service.

**RESPONSE:**

Ashley objects to the request as it is wholly duplicative of Request No. 8, as the documents requested by this request would also constitute a subset of "Documents and Communications involving Armanino LLP (F/K/A Brown Smith Wallace) relating to Ashley." Accordingly, Ashley incorporates its objections to Request No. 8 as if fully restated herein.

10. All Documents provided to Armanino LLP's (F/K/A Brown Smith Wallace) relating to Ashley.

**RESPONSE:**

Ashley objects to the request as it is wholly duplicative of Request No. 8, as the documents requested by this request would also constitute a subset of "Documents and Communications involving Armanino LLP (F/K/A Brown Smith Wallace) relating to Ashley." Accordingly, Ashley incorporates its objections to Request No. 8 as if fully restated herein.

11. All Documents and Communications relating to Armanino LLP's (F/K/A Brown Smith Wallace) calculation of Ashley's EBITDA.

**RESPONSE:**

Ashley objects to the request as it is wholly duplicative of Request No. 8, as the documents requested by this request would also constitute a subset of "Documents and Communications involving Armanino LLP (F/K/A Brown Smith Wallace) relating to Ashley." Accordingly, Ashley incorporates its objections to Request No. 8 as if fully restated herein.

12. All Documents and Communications involving Beene Garter LLP relating to Ashley.

**RESPONSE:**

Ashley objects to the request to the extent it seeks documents already in the possession of the Defendant, as Defendant was a member of Ashley Energy and was previously provided the 2017, 2018 and 2019 audited financial statements prepared by Beene Garter. Finally, Ashley objects to the request to the extent it seeks documents that are protected by the accountant-client privilege. *See, e.g., Section 326.322 of the Missouri Revised Statutes.* Notwithstanding the foregoing, Ashley Energy will produce responsive documents within a reasonable time, subject to a mutually agreeable Protective Order.

13. All Documents and Communications relating to Beene Garter LLP's Statement of Work, contract negotiations, or terms of service.

**RESPONSE:**

Ashley objects to the request as it is wholly duplicative of Request No. 12, as the documents requested by this request would also constitute a subset of "Documents and Communications involving Beene Garter LLP relating to Ashley." Accordingly, Ashley incorporates its objections to Request No. 12 as if fully restated herein.

14. All Documents provided to Beene Garter LLP relating to Ashley.

**RESPONSE:**

Ashley objects to the request as it is wholly duplicative of Request No. 12, as the documents requested by this request would also constitute a subset of "Documents and Communications involving Beene Garter LLP relating to Ashley." Accordingly, Ashley incorporates its objections to Request No. 12 as if fully restated herein.

15. All Documents and Communications relating to Beene Garter LLP's calculation of Ashley's EBITDA.

**RESPONSE:**

Ashley objects to the request as it is wholly duplicative of Request No. 12, as the documents requested by this request would also constitute a subset of "Documents and Communications involving Beene Garter LLP relating to Ashley." Accordingly, Ashley incorporates its objections to Request No. 12 as if fully restated herein.

16. All Documents and Communications relating to Ashley's Litigation.

**RESPONSE:**

Ashley objects to the request to the extent the phrase "relating to Ashley's Litigation" is facially vague, overly broad, and unduly burdensome. The use of such an omnibus term requires Ashley to speculate as to what Defendant actually seeks. Seeking any communications that relate to Ashley's Litigation could include every document related to every financial transaction of Ashley's, as well as every transaction in which Power and Cardinals participated since they were first formed. Ashley objects to the request to the extent it requires a comprehensive search of electronically-stored information that is not reasonably accessible and/or would impose an undue cost on Ashley. Specifically the request as written will require the use of a third-party e-discovery vendor to locate responsive documents with an estimated cost in the tens of thousands of dollars.

Ashley further states that this objection is identical to the objection asserted by Cardinal to a subpoena that was served on Cardinal in the Ashley Litigation. Ashley states that other than (a) documents produced in discovery in the Ashley Litigation and (b) privileged communications, all other responsive documents are publicly available filings that Defendant Cardinals can access through the PACER system. Furthermore, Ashley understands that with respect to subcategory (a), Plaintiff Power has already produced the same documents that Ashley would produce in response to this request, those being in excess of 100,000 pages of documents. Finally, as to the privileged communications between Ashley and its legal counsel in the Ashley Litigation, Ashley states that they are protected by attorney-client and work product privilege and will not be produced.

17. All Documents and Communications relating to or regarding the Water Intrusion Event, including, but not limited to, all Documents provided to or Communications with any insurance carriers, investigators, or adjusters.

**RESPONSE:**

Ashley objects to the request to the extent it seeks documents already in the possession of the Defendant, as Defendant was a member of Ashley and therefore already in possession of such documents, and in fact participated in the discussions, meetings and communications with the insurance carriers, investigators, and adjusters. Defendant Cardinals also reviewed and approved all agreements related to the settlement of claims related to the Water Intrusion Event, including without limitation, agrees related to the receipt of insurance proceeds, how they would be received, where the funds would be directed, and how the funds would be administered and disbursed, including distributions, if any, that may be made. As a result, the request violates Rule 45(d)(1) that requires the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Notwithstanding the foregoing, Ashley will produce responsive documents within a reasonable time, subject to a mutually agreeable Protective Order.

18. All Documents and Communications relating to subrogation rights in connection with the Water Intrusion Event.

**RESPONSE:**

Ashley objects to the request as it is wholly duplicative of Request No. 17, as the documents requested by this request would also constitute a subset of "Documents and Communications relating to or regarding the Water Intrusion Event." Accordingly, Ashley incorporates its objections to Request No. 17 as if fully restated herein.

19. All Documents and Communications relating to any insurance proceeds received or expected to be received in connection with the Water Intrusion Event, including when or how they would be received, where the funds for repairs would be directed and administered, and how the remaining funds, after repairs are completed, would be distributed.

**RESPONSE:**

Ashley objects to the request as it is wholly duplicative of Request No. 17, as the documents requested by this request would also constitute a subset of "Documents and Communications relating to or regarding the Water Intrusion Event." Accordingly, Ashley incorporates its objections to Request No. 17 as if fully restated herein.

20. All Documents and Communications relating to any potential or actual distributions Ashley would make to its members during the Relevant Period.

**RESPONSE:**

Ashley objects to the request as it is wholly duplicative of Request No. 17, as the documents requested by this request would also constitute a subset of "Documents and Communications relating to or regarding the Water Intrusion Event" as the only discussion concerning distributions occurred in the context of the Water Intrusion Event. Accordingly, Ashley incorporates its objections to Request No. 17 as if fully restated herein.

21. All Documents and Communications relating to the reconstruction of the Plant after the Water Intrusion Event, including any bids or timelines received for completion of the work, discussions relating to who to select and how the project should be managed, and any mention of the project's status and progress, or lack thereof.

**RESPONSE:**

Ashley objects to the request to the extent the phrase "relating to the reconstruction of the Plant after the Water Intrusion Event" is facially vague, overly broad, and unduly burdensome. The use of such an omnibus term requires Ashley to speculate as to what Defendant actually seeks. Seeking all communications relating to the reconstruction of the Plant after the Water Intrusion Event could involve every transaction and communication involving a construction project that had hundreds of workers on-site, and would include completely irrelevant documents and communications concerning the procession of the work, engineering and other technical matters, etc., none of which have any bearing on the Litigation. Ashley objects to the request to the extent it requires a comprehensive search of electronically-stored information that is not reasonably accessible and/or would impose an undue cost on Ashley. Specifically the request as written will require the use of a third-party e-discovery vendor to locate responsive documents with an estimated cost in the tens of thousands of dollars. Ashley further states that this objection is identical to the objection asserted by Cardinal to a subpoena that was served on Cardinal in the Ashley Litigation. Notwithstanding the foregoing, Ashley will produce responsive documents within a reasonable time, subject to a mutually agreeable Protective Order.

Dated:  December 16, 2021

>Respectfully submitted,
>
>**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**
>
>By:     /s/ Amy L. Fehr
>Amy L. Fehr (#60033)
>8182 Maryland Ave, Fifteenth Floor
>St. Louis, MO  63105
>Telephone: (314) 721-7701
>Facsimile: (314) 721-0554
>fehr@capessokol.com
>
>*Attorneys for Non-party Ashley Energy, LLC*

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of December, 2021, the foregoing was served upon all counsel of record via electronic mail and regular U.S. Mail to the following:

Stephen J. O'Brien
Dentons US LLP
One Metropolitan Square, Suite 3000
St. Louis, Missouri 63102
Telephone: (314) 241-1800
Facsimile: (314) 259-5959
stephen.obrien@dentons.com

Joseph J. Tuso
Wayne C. Stansfield
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
jtuso@reedsmith.com
wstansfield@reedsmith.com

 *Attorneys for Defendant Cardinals Preferred, LLC*

Chris LaRose
Armstrong Teasdale LLP
7700 Forsyth Blvd.
Suite 1800
St. Louis, MO, 63105
(314) 259-4779
clarose@atllp.com

*Attorneys for Plaintiff*
*Power Investments, LLC*

>/s/ Amy L. Fehr