UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| POWER INVESTMENTS, LLC, | ) |
|       Plaintiff/Counterclaim Defendant, | ) ) ) ) |
| vs. | ) ) Case No. 4:21-cv-01022-SEP ) |
| CARDINALS PREFERRED, LLC, | ) ) ) |
|       Defendant/Counterclaim Plaintiff. | ) ) ) |

## **POWER INVESTMENTS, LLC'S MOTION FOR SANCTIONS**

Plaintiff/Counterclaim Defendant Power Investments, LLC ("Power") hereby moves the Court to impose sanctions against Defendant/Counterclaim Plaintiff Cardinals Preferred, LLC ("Cardinals"). In support, Power states:

1. At the last second, Cardinals and its witnesses Jeff Ferris, Victor Dupont, and David Disque have failed to appear for all of their properly noticed depositions, which were scheduled to take place on January 26, 27, and 31 by longstanding agreement of counsel.

2. Failing to appear at a properly noticed deposition is sanctionable under Rule 37.

3. The decision to award sanctions pursuant to Rule 37(d), and the type of sanctions to be awarded for a party's failure to attend its own deposition, are within the court's discretion.

4. In addition to monetary sanctions such as attorney fees and costs, Rule 37(d)(3) provides that types of sanctions for failing to attend a deposition can include those listed in Rule 37(b)(2)(A)(i)-(vi). Included in these sanctions is, among other things, the court's ability to prohibit an offending party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

5. Under this broad discretion, courts imposing sanctions for failing to appear at a properly scheduled deposition have prohibited witnesses who have failed to appear from later testifying in the case, whether by declaration/affidavit or through live testimony. This Court clearly has the authority to limit a party from introducing evidence where it fails to appear at a properly noticed deposition.

6. Whether or not the court orders non-monetary sanctions under Rule 37(b)(2)(A)(i)-(vi), the court must also require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

7. Failing to appear at a deposition is not substantially justified without moving for a protective order well in advance of the scheduled deposition.

8. Cardinals did not move for a protective order prior to any of the noticed depositions, so their failure to appear is not substantially justified. Nor are there any other circumstances that justify Cardinals and their witnesses' failure to appear.

9. Cardinals' last-second, unilateral cancelling of all depositions plainly violates the Federal Rules and this Court's Case Management Order (Doc. 40), which required fact discovery to be completed by January 28, 2022, and which reflected the parties' agreement up front that this case required expedited discovery. Cardinals' conduct is by design. It is intended to delay this case as much as possible to benefit Cardinals and harm Power. Sanctions are warranted.

10. The Court has wide latitude in fashioning appropriate sanctions under Rule 37, and its goal should be to tailor the remedies so that justice is done in light of the particular circumstances.

11. The appropriate sanction is to require Cardinals to immediately respond to Power's pending summary judgment motion with limitations that prevent Cardinals from gaining an advantage, and to pay Power's costs and legal fees incurred in preparing for and attending the cancelled depositions and in preparing this motion. Specifically, Cardinals should be prohibited from attaching any witness declarations to its opposition to Power's summary judgment motion, and to any other potential dispositive motion briefing in the future.

12. While this sanction is appropriately serious, it does not prevent Cardinals from responding to the pure legal issue that is before the Court. This sanction is also eminently appropriate given the particulars of this situation, where Cardinals prevented Power from deposing its witnesses.

WHEREFORE, for these reasons and all the reasons stated in the accompanying Memorandum in Support of Motion for Sanctions, Plaintiff/Counterclaim Defendant Power Investments, LLC requests the Court to enter an order: (1) requiring Defendant/Counterclaim Plaintiff Cardinals Preferred, LLC to pay forthwith Power's reasonable expenses and attorney's fees incurred in preparing to take the depositions of Cardinals' noticed witnesses (Cardinals, Jeff Ferris, Victor Dupont, and David Disque), attending the January 26, 2022 deposition of Cardinals and Jeff Ferris, and preparing this motion; (2) requiring Cardinals to file an opposition to Power's Motion for Partial Summary Judgment (Doc. 25), if any, within seven (7) calendar days; and (3) prohibiting Cardinals from attaching any witness declarations to its opposition to Power's Motion for Partial Summary Judgment (Doc. 25), and to any other potential future dispositive motion briefing in this case. Plaintiff/Counterclaim Defendant further requests any other relief the Court deems just and proper.

Dated:  January 28, 2022                                ARMSTRONG TEASDALE LLP


By: */s/ Christopher R. LaRose*
    Christopher R. LaRose    #59612MO
    Daniel R. O'Brien    #69258MO
    Armstrong Teasdale LLP
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    Telephone:  314.621.5070
    Fax:  314.621.5065
    clarose@atllp.com
    dobrien@atllp.com

ATTORNEYS FOR PLAINTIFF POWER INVESTMENTS, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 28th day of January, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the same to all counsel of record.

/s/ Christopher R. LaRose