UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| POWER INVESTMENTS, LLC, | ) |
|     Plaintiff/Counterclaim Defendant, | ) |
| vs. | ) Case No. 4:21-cv-01022-SEP |
| CARDINALS PREFERRED, LLC, | ) |
|     Defendant/Counterclaim Plaintiff. | ) |

## POWER INVESTMENTS, LLC'S SECOND MOTION FOR SANCTIONS

Plaintiff/Counterclaim Defendant Power Investments, LLC ("Power") hereby moves the Court to impose sanctions against Defendant/Counterclaim Plaintiff Cardinals Preferred, LLC ("Cardinals"). In support, Power states:

1. Cardinals is refusing to participate in the Court-ordered mediation in violation of this Court's Orders.

2. Cardinals' alleged justification—an opinion letter received from the Sandberg Phoenix law firm concerning an alleged conflict of interest of Armstrong Teasdale—is frivolous. The letter provides Cardinals with no justification whatsoever to unilaterally stop participating in the litigation process and impose their own unilateral stay of this litigation.

3. There is no rule or precedent permitting a party to just "stop everything" in a case absent a court order to that effect.

4. There is zero new relevant information in Sandberg Phoenix's letter, and the letter states that it is only for Ashley Energy Board use and is not to be used in any litigation.

5. Sanctions again are warranted against Cardinals for its contumacious conduct. As briefed extensively to this Court in recent weeks, Cardinals is executing an intentional strategy to delay this case interminably and frustrate Power's ability to vindicate its rights.

6. This Court's CMO (Doc. 40) ordered that this case would be referred to ADR on January 18, 2022, and that the reference would terminate on March 1, 2022.

7. This Court's ADR Referral Order (Doc. 64) required the parties to conduct mediation by or before March 1, 2022 in accordance with Local Rules 6.01-6.05, and warned that sanctions could result against a party for noncompliance with any deadline therein.

8. The parties mutually selected Chancellor Andre G. Bouchard as their mediator. The mediation would take place in Wilmington, Delaware on February 28, 2022.

9. On or about February 11, 2022, Power wired Chancellor Bouchard its required 50% of the retainer, which was a substantial sum.

10. At Chancellor Bouchard's request, the parties convened on Monday, February 14, 2022 to discuss preparation for the mediation. Cardinals' counsel indicated that Cardinals would be attending the mediation, and gave no suggestion otherwise.

11. Also at Chancellor Bouchard's request, the parties expressly agreed on Monday, February 21, 2022 as the deadline for the parties to submit their mediation statements and attached exhibits. Given the tight timeline, including the need to ship hard copies of exhibits in advance, undersigned counsel and his law firm necessarily and unavoidably undertook significant preparation work on Power's mediation statement submission between February 14 and 18, 2022. Power thus incurred substantial costs and legal fees to the same end.

12. On Friday, February 18, 2022, counsel for Cardinals informed undersigned counsel that Cardinals was now unilaterally refusing to participate in the mediation. Cardinals'

counsel claims that it plans to seek "a stay of the mediation," but has not filed any such motion or any motion seeking leave to postpone or extend the ADR completion deadline.

13. As purported justification, Cardinals' counsel pointed to the letter from Andrew Ruben of Sandberg Phoenix.

14. There are no new facts or information in Mr. Ruben's letter. Further, Mr. Ruben indicated that his letter was not to be used in any litigation proceeding.

15. This Court has express and implied power to enforce the ADR Referral Order. The express authority comes from Rule 16, this Court's Local Rules, and this Court's orders.

16. Rule 16(f) explicitly authorizes sanctions for failure to comply with pretrial orders, including the ADR Referral Order, and failure to participate in the ADR process in good faith. At minimum, the Court must order the offending party to pay the reasonable costs and attorney's fees incurred because of its violation. Sanctions can only be avoided if the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

17. Local Rules 6.01-6.05 address mediation and the steps the parties must follow in fulfilling their ADR obligations, including complying with deadlines in the ADR Referral Order, attending the ADR conference, and participating in good faith.

18. This Court's Orders provide yet another explicit source of sanctioning authority.

19. Additionally, the District Court has inherent authority to sanction.

20. Cardinals' intentional withdrawal from the ADR process at the last minute without the Court's blessing warrants sanctions. It is a bad-faith attempt to frustrate Power's rights and delay this case even more. The timing of Cardinals' withdrawal means that Power had already necessarily incurred significant fees and costs in preparing to mediate.

3

21. Cardinals' claimed reason for its withdrawal—Mr. Ruben's letter—is no justification at all. Mr. Ruben's letter expressly is not to be used by any party in any litigation matter. Cardinals' use of Mr. Ruben's letter as a tool to avoid the mediation and generate more delay therefore violates the very terms of the letter. Further, the letter contains no new facts or information pertinent to the conflict issue. There is still no motion to disqualify, and Cardinals has obtained no relief from the Court that justifies their conduct.

22. There is no rule or precedent permitting a party to just "stop everything" and impose its own unilateral "stay" of the litigation absent a court order allowing it.

23. At minimum, Cardinals must be ordered to pay Power its costs and legal fees incurred in preparing for the mediation and in bringing this motion.

24. The time and effort of Power and undersigned counsel in preparing for the mediation have been wasted. Monetary sanctions, at minimum, are in order.

25. Given the repeated pattern of intentionally dilatory conduct by Cardinals, Power respectfully suggests that the Court should consider whether more drastic sanctions are in order.

WHEREFORE, Plaintiff/Counterclaim Defendant Power Investments, LLC requests the Court to enter an order requiring Defendant/Counterclaim Plaintiff Cardinals Preferred, LLC to pay forthwith Power's reasonable expenses and attorney's fees incurred in bringing this motion and in preparing to attend and participate in the parties' scheduled mediation conference, including at minimum Power's 50% share of the ADR conference fee (paid as retainer to the parties' agreed mediator), Power's costs and fees incurred in preparing the required mediation statement, and Power's costs and fees otherwise incurred in preparing for the mediation conference. Plaintiff/Counterclaim Defendant further requests any other relief the Court deems just and proper.

Dated:  February 21, 2022                ARMSTRONG TEASDALE LLP


By: */s/ Christopher R. LaRose*
    Christopher R. LaRose          #59612MO
    Daniel R. O'Brien                      #69258MO
    Armstrong Teasdale LLP
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    Telephone:  314.621.5070
    Fax:  314.621.5065
    clarose@atllp.com
    dobrien@atllp.com

ATTORNEYS FOR PLAINTIFF POWER INVESTMENTS, LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of February, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the same to all counsel of record.

/s/ Christopher R. LaRose