# EXHIBIT G

| | |
|---|---|
| **From:** | Andrew C. Ruben <aruben@sandbergphoenix.com> |
| **Sent:** | Monday, January 31, 2022 11:30 AM |
| **To:** | mason.miller@ashleyenergy.com; Victor Dupont; David Disque |
| **Cc:** | Andrew R. Kasnetz; Katrina L. Smeltzer |
| **Subject:** | FW: Power v. Cardinals [IWOV-IDOCS.FID2615268] [SPVG-LIB1.FID2332028] |

Gentlemen,

Please see the attached FYI…we are reviewing and will follow up and move forward with our analysis promptly.

Sincerely,

Andrew



Andrew Ruben
Shareholder
120 S. Central Avenue, Suite 1600
Clayton, MO 63105
aruben@sandbergphoenix.com
Direct: 314.425.4909 | Cell: 314.302.1435 | Fax: 314.725.5754
http://www.sandbergphoenix.com

CONFIDENTIALITY NOTICE: This e-mail message and any attachments are confidential, and may contain information that is privileged, attorney-client communication or work product. If you have received this communication in error, please immediately notify the sender at 314-231-3332 or by reply e-mail, and delete this e-mail message and any attachment(s) from your system.

**From:** Thomas Weaver <TWEAVER@atllp.com>
**Sent:** Monday, January 31, 2022 10:16 AM
**To:** Andrew C. Ruben <aruben@sandbergphoenix.com>
**Subject:** Power v. Cardinals [IWOV-IDOCS.FID2615268]

Mr. Ruben,

I am writing in response to your letter to Chris Larose regarding the claim by Cardinals Preferred, LLC that a conflict of interest precludes Armstrong Teasdale from representing Power Investment, LLC in the pending breach of contract litigation between Power and Cardinals.  Based on my review of relevant court filings, the rules of professional responsibility, and the cases most recently cited by Cardinals in its filing in the lawsuit, we do not believe there is a conflict of interest that requires AT to withdraw from its representation of Power.

Rule 4-1.13 permits an attorney representing a corporation to also represent a constituent, including a shareholder or unitholder, as long as that representation complies with Rule 4-1.7 regarding conflicts of interests.   Those rules do not impose a blanket prohibition against an attorney representing a corporation while at the same time representing a shareholder in that corporation, even in a dispute with another shareholder, absent a showing that the attorney's

1

representation of the shareholder is adverse to the corporation.  We do not see any such adversity here creating a conflict that would require AT to withdraw from its representation of Power in its lawsuit with Cardinal regarding enforcement of Power's contractual rights to acquire Cardinals' interest in Ashley.  Cardinals is neither a present nor former client of AT.  AT's representation of Power in its contract dispute with Cardinals is not adverse to Ashley.  In addition, unlike some of the cases Cardinals cited in its brief in which the disqualified firm had been involved in the transactions at the heart of the litigation among the shareholders, Power was not involved in the negotiation or preparation of the document Power seeks to enforce.

The cases Cardinals has recently cited in its filing in the lawsuit with Power are distinguishable.  In *Barmash, Morris, MGM,* and *Fincanna Capital,* the courts found that the representation of one of the parties in the dispute among shareholders or other constituents was in some way adverse to the corporate client, an adversity not present here.  In *Barmash,* the court stated that the attorney for the corporation could not represent one shareholder against another with regard to underlying corporate transactions involving that corporation.  That is not what is happening here.  In *Morris,* the court disqualified the firm that served as corporate counsel  for many years and provided service with regard to the very transactions underlying the derivative action in which the motion to disqualify was made.  The interests of the shareholder being represented by the disqualified counsel were adverse to the corporation.  Neither of those circumstances exists here.  In *MGM,* the disqualified firm had represented MGM in the very transaction that was the subject of the litigation.  The court held that, based on the firm's employment as chief corporate counsel for MGM generally and its specific representation in the transaction giving rise to the lawsuits in question, it was clear that its appearance in the litigation was adverse to the firm's present or former client.  Again, AT's representation of Power in the litigation with Cardinals is not adverse to Ashley or any present or former client of AT.  And *Woods* involved a family corporation that was the principal asset in a dissolution proceeding, a materially different factual circumstance than here.  In disqualifying the attorney who had long been corporate counsel from representing the husband in the dissolution, the court noted the stricture against an attorney's dual representation of antagonistic interests,  concluded that an attorney representing a family corporation interest represented the wife, and held that the attorney of a family-owned business should not represent one owner against the other in dissolution action.  AT's representation of Power in its contract dispute with Cardinals while representing Ashley in the SLEC lawsuit does not involve a dual representation of antagonistic interests, much less raise any of the concerns cited by the court in its holding in a dissolution case.

Based on the above analysis, we do not believe that there is a conflict of interest under Rule 4-1.7 requiring AT to withdraw from its representation of Power in its lawsuit with Cardinals.

In addition, we also believe that Cardinals has waived any claim of a conflict of interest requiring disqualification.  Cardinals states in its most recent filing in the lawsuit that AT should be disqualified because an attorney representing a corporation is necessarily prohibited from representing a shareholder in a dispute with another shareholder regarding anything to do with that corporation.  Although we disagree with Cardinals' characterization of what the ethical rules provide, Cardinals has been aware of the facts on which it bases it conflict of interest claim since the lawsuit was served last year, and should have moved to disqualify AT at that time, so that resolution of the question would not delay prosecution of the lawsuit.

If you believe we have overlooked any material facts or you have any questions, please let me know.

Again, I apologize that I didn't get this to you on Friday and thank you for your patience.

Tom Weaver

********** PRIVATE AND CONFIDENTIAL**********

**This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient, Armstrong Teasdale LLP or its subsidiaries.  If you are not the intended recipient, any disclosure,**

copying, distribution or use of any of the information contained in or  attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by email (admin@atllp.com) or by telephone (+1 800.243.5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP or its subsidiaries shall be understood as neither given nor endorsed by it. Armstrong Teasdale LLP and its subsidiaries may monitor email traffic data. Please read our Global Privacy Policy to find out how Armstrong Teasdale LLP and its subsidiaries process personal information.

Armstrong Teasdale LLP is a Missouri-registered limited liability partnership organized under the laws of the State of Missouri, USA. The London office of Armstrong Teasdale LLP is operated by Armstrong Teasdale Limited, a private limited company registered in England and Wales (Registration No. 08879988), that is authorized and regulated by the Solicitors Regulation Authority (SRA No. 657002). The registered office of Armstrong Teasdale Limited is 200 Strand, London WC2R 1DJ. Please review our International Legal Notices.