**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| POWER INVESTMENTS, LLC, | ) |
|     Plaintiff/Counterclaim-Defendant | ) ) ) |
| vs. | ) Case No. 4:21-cv-01022 ) ) |
| CARDINALS PREFERRED, LLC, | ) ) |
|     Defendant/Counterclaim-Plaintiff | ) ) ) |

**DECLARATION OF DAVID DISQUE**

I, David Disque, declare as follows:

1. I am over the age of 18 and competent to attest to the facts set forth below.

2. I am a representative of Cardinals Preferred, LLC ("Cardinals"), a co-owner of Ashley Energy LLC ("Ashley" or the "Company"), and authorized to make this Declaration on Cardinals' behalf.

3. I submit this Declaration in support of Cardinals' Motion to Disqualify Armstrong Teasdale LLP as Counsel for Plaintiff/Counterclaim Defendant Power Investments, LLC ("Power") and to Stay Proceedings ("Motion"). This Declaration is based upon facts of which I have personal knowledge and, if called as a witness, could testify to the facts contained in this Declaration.

4. There are currently three (3) Managers on Ashley's Board of Managers: (i) Mason Miller ("Miller"), (ii) Victor Dupont ("Dupont"), and (iii) myself, David Disque ("Disque").

5.      Prior to Cardinals' ownership in Ashley, Miller was the sole owner and remains the controlling owner of Ashley's minority owner, Power. At all times relevant to this Motion, Miller has served as Chief Executive Officer of Ashley.

6.      In my role as Manager on Ashley's Board, I learned that on or about July 30, 2018, SL EC LLC ("SL EC"), Michael Becker (one owner of SL EC), and SL EC's counsel (Davis & Garvin, LLC) brought a Missouri state action against Ashley, Power, Miller, and Miller's law firm. The complaint alleges claims for breach of contract, fraudulent conveyance, piercing the corporate veil, and for imposition of a constructive trust. The complaint sought relief of approximately $1,000,000 in connection with Power's acquisition of Ashley.

7.      In August of 2018, Armstrong Teasdale LLP ("Armstrong Teasdale") entered appearances for Ashley, Power, Miller, and Miller's law firm and removed this matter to the Eastern District of Missouri in *SL EL, LLC v. Ashley Energy, LLC*, Case No. 4:18-CV-01377-JAR (E.D. Mo.) (the "Ashley Litigation"). Armstrong Teasdale remains counsel of record for defendants in this matter with Christopher LaRose, Esq. ("Mr. LaRose") serving as lead counsel, albeit the majority of the Board of Managers intends to terminate Armstrong Teasdale's representation of Ashley in the Ashley Litigation shortly in light of Sandberg Phoenix's report dated February 17, 2022.

8.      Miller's previous representations to Ashley's Board of Managers, including as recently as October 2021, led me to believe Ashley was dismissed from this action. However, I later discovered that same month that Ashley was in fact still a party to the Ashley Litigation, the action survived the summary judgment phase, and was likely proceeding to trial.

9.      Based upon discovery produced to date to Cardinals by Ashley, Cardinals is now aware that Armstrong Teasdale has represented Ashley in matters relating to Ashley's refinancing

with Regions Bank in 2018 as well as provided advisory services and corporate advice relating to corporate and government affairs in 2020 and 2021.

10. To my knowledge, Mr. LaRose and/or Armstrong Teasdale has never requested a conflict waiver to acknowledge and waive his dual representation of both Ashley in the Ashley Litigation and Power in the present action. Cardinals would not consent to such a waiver nor would I as a member of the Board of Managers of Ashley.

11. Ashley's Board of Managers unanimously approved retaining Special Counsel to investigate the conflicts of interest created by Armstrong Teasdale's dual representations on November 17, 2021 and, thereafter, retained Sandberg Phoenix & Von Gontard P.C. ("Sandberg Phoenix") to serve as Special Counsel.

12. Ashley was unable to formally engage Sandberg Phoenix until December 17, 202, however, due to Miller's obstructionist behavior. These behaviors included (i) attempting to contact other lawyers, who appeared to be affiliated with attorneys at Armstrong Teasdale, even though the Board of Managers had already agreed to retain Sandberg Phoenix; (ii) failing to promptly send a retainer to Sandberg Phoenix when requested by the Board, and (iii) continually attempting to avoid meetings with Sandberg Phoenix.

13. Following Sandberg Phoenix's final conflict report issued on February 17, 2022, Cardinals contacted Armstrong Teasdale and Power to inquire if Armstrong Teasdale would withdraw representation and Power would seek new counsel. Cardinals offered to accommodate this delay with an uncontested stay of the present action. Armstrong Teasdale refuses to withdraw. Power refuses to seek new counsel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 21, 2022

_____
David Disque