# **EXHIBIT 1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| Power Investments, LLC, Plaintiff/Counterdefendant )<br>*Plaintiff* )<br>v. )<br>Cardinals Preferred, LLC, )<br>Defendant/Counterclaimant )<br>*Defendant* ) | Civil Action No. 4:21-cv-01022-SEP |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Chris Goodson

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Dentons LLP<br>211 N. Broadway, Suite 3000<br>St. Louis, MO 63102 | Date and Time:<br>05/13/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/29/2022

*CLERK OF COURT*

OR

_____     /s/ Stephen O'Brien
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Cardinals Preferred, LLC, Defendant/Counterclaimant , who issues or requests this subpoena, are:

Stephen O'Brien, Dentons LLP, One Metropolitan Square, Suite 3000, St. Louis, MO 63102; (314) 241-1800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:21-cv-01022-SEP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
### of
### Subpoena issued to Chris Goodson

Notwithstanding any definition set forth below, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "Request" is defined to mean each of the enumerated items in the list of "Documents to Be Produced" below.

2. "Mr. Goodson", "you", or "your" is defined to mean Chris Goodson including his attorney(s) of record, agents, attorneys, representatives, and any other person or entity acting or purporting to act on its behalf.

3. "Plaintiff" or "Power" is defined to mean Plaintiff Power Investments, LLC, including its attorney(s) of record, agents, attorneys, representatives, and any other person or entity acting or purporting to act on Plaintiff's behalf.

4. "Cardinals" is defined to mean Defendant Cardinals Preferred, LLC, including Cardinals' attorney(s) of record, any of Cardinals' present or former agents, employees, independent contractors, contractors, attorneys, representatives, and any other person or entity purporting to act on Cardinals' behalf.

5. "Ashley" is defined to mean Ashley Energy, LLC, including its' attorney(s) of record, any of its present or former agents, employees, independent contractors, contractors, attorneys, representatives, and any other person or entity purporting to act on Ashley's behalf.

6. "First Year" is defined to mean First Year LLC, including First Year's attorney(s) of record, any of First Year's present or former agents, employees, independent contractors,

contractors, attorneys, representatives, and any other person or entity purporting to act on First Year's behalf.

7. "Person" is defined as any individual, corporation, limited liability company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission or other such entity.

8. "Communicate" and "Communication" are defined as (1) every manner or means of disclosure, transfer, or exchange of information, and (2) every disclosure, transfer or exchange of information, whether made or accomplished orally or by document, whether face-to-face, by telephone, mail, telex, facsimile, personal delivery, electronic mail (e-mail) or otherwise.

9. "Document" means any tangible object or electronic data in any form or format whatsoever from which intelligence can be perceived, including the original, and every copy of the original or copy which any way was derived from any copy of the original, of, every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means, including, without limitation, books, records, papers, pamphlets, brochures, catalogs, manuals, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, correspondence, electronic mails (e-mail), communications, telegrams, telexes, memoranda, analyses, summaries, abstracts, tariffs, tax returns, financial statements, profit and loss statements, cash flow statements, books of account, balance sheets, reviews, annual or other periodic reports, estimates, prospectuses, registration solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, drafts, work papers, projections, studies, transcriptions, notations of meeting, notations of telephone conversations, computer tapes, computer data storage material (including disks and CD-ROM), printouts,

transaction tapes, microfilm, microfiche, magnetic tape, discs, data cells, appointment book agenda diaries, telephone bills and toll call records, expense reports, checkbooks, cancelled checks, bills, bank statements, confirmations, receipts, invoices, contracts, agreements, directives, bulletins, instruments, assignments, applications, offers, acceptance, proposals, financing statements, documents of title, appraisals, purchase orders, bills of lading, shipping orders, freight bills, delivery tickets, way bills, manifest lists, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, video tapes, films, or filmstrips.

10. "Relate to", "relating to", and "regarding" mean having any possible connection within the broadest sense of those terms.

11. "Affiliated with" means any relationship between an individual and business entity, including but not limited to relationships in which the individual is employed by or acting as an agent, contractor, or independent contract and purportedly on behalf of the business entity.

12. "And" means and/or and "or" means and/or.

13. "Including" is defined as "including but not limited to."

14. "State," "identify" and "detail" mean to describe fully and with specificity each and every item of information and reasoning which explains the answer to be given including, but not limited to, identification of all documents and persons relating to or referring thereto; and identification of all communications and dates on the subject; and a statement of the dates and substance of all acts or events relating in any way to the subject matter of the Request or Interrogatory.

15. Every reference to a company and/or business encompasses the officers, directors, agents, servants, employees, attorneys, or representative of the company.

**INSTRUCTIONS**

1. Unless otherwise agreed in writing, all Documents are to be produced to the attention of Stephen O'Brien, Esq., at the offices of Dentons, One Metropolitan Square, Suite 3000, St. Louis, MO 63102, or by email at stephen.obrien@dentons.com.

2. In answering these Requests, furnish all information that is available to you or subject to your reasonable inquiry, access, or control, including but not limited to all information in the actual or constructive possession of you, your attorneys, investigators, experts, and all others acting on your behalf.

3. Unless otherwise stated, the Requests are limited in temporal scope from **December 1, 2016** to the present.

4. If you object to any part of a Request, set forth the basis for the objection and respond to all non-objectionable parts of the request.

5. If there are no responsive Documents to any Request or category thereof, so state in writing.

6. If you maintain that any Document or record was previously but is now no longer in existence, in your possession, or subject to your control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily to others; or (iv) has been otherwise disposed of. In each instance, set forth the contents of the Document and the location of any copies of the Document, and describe the circumstances surrounding its disposition, stating the date of its disposition, any authorization therefor, the person(s) responsible for such disposition, and the policy, rule, order or other authority by which such disposition was made.

7. If you cannot answer a Request in whole or in part, answer to the extent possible, specifying: (i) the reason(s) for your inability to answer the remainder of the Request; (ii) whatever

information or knowledge in your possession concerning the unanswered portion; (iii) your efforts to secure the unknown information; and (iv) the name, business address, residential address, and occupation of any person consulted by in an effort to answer the Request.

8. In responding to these Requests, produce all responsive Documents in the custody, control, or possession of you, your agents, affiliates investigators, attorneys, accountants, financial advisors, or other representatives associated with you, your predecessors, successors, agents, or affiliates.

9. Responsive Documents include all attachments and enclosures. If any part of a Document is responsive to a Request, produce the entire document, including all attachments, enclosures, notes, and any other matter physically or electronically attached to the document. Documents, including all attachments thereto, should be produced as they are kept in their ordinary course. Documents constituting routing slips, transmittal memoranda, letters, cover sheets, comments, evaluations, and similar materials shall be produced.

10. Exact copies of all original Documents shall be produced, as well as copies of any Documents or drafts of those original Documents bearing any mark or notation which is not present on the original Document.

11. Otherwise non-responsive Documents shall be produced if such documents mention, discuss, refer to, or explain the Documents called for by these requests.

12. These Requests shall be interpreted to be inclusive rather than exclusive:

   a. The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

   b. The word "including" shall be construed always to introduce a non-exhaustive whether or not so specified.

      c. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that might otherwise be construed to be outside its scope.

      d. The scope of a Request shall not be construed narrowly based on any inferences drawn from the phrasing of any other Request.

13. If you withhold any information, including any document or communication, sought by any discovery request on the basis of a claim of privilege, work product, or any reason: (i) state the nature of the privilege claimed or the basis for withholding the information requested and as to the specific information withheld, (ii) identify the attorney with respect to whom the privilege is claimed; (iii) identify each person who read, received, or possessed the document or a copy of the document; and (iv) identify any portion of the document or communication that is not privileged.

## **DOCUMENTS TO BE PRODUCED**

1. All Documents and Communications relating Ashley.

2. All Documents and Communications relating to payments from or requests for payments from Ashley, Mason Miller, First Year LLC, Miller Wells PLLC, Miller Edwards Rambicure PLLC, Lewis Rice LLC, or David Sweeney.

3. All Documents and Communications related to your involvement with First Year and/or Power – including, but not limited to, any engagement letters, work product provided, or introduction to First Year and/or Power.

4. All Documents and Communications related to plans for property development within one (1) mile of Ashley.